Glenn Thompson, Appellant, v. Florence Otis et al., Defendants. Edward E. Kleinschmidt, Appellee.

Gen. No. 38,439.

Opinion filed May 26, 1936.

H. H. PATTERSON, of Chicago, for appellant; ED-
MUND C. MAURER, of Chicago, of counsel.

WENDELL H. SHANNER, of Chicago, for appellee.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion
of the court.

This is an appeal by plaintiff, Glenn Thompson, from
a judgment for costs entered against him June 15,
1935, in favor of Edward E. Kleinschmidt, one of three

defendants to an action brought by plaintiff to recover damages for personal injuries sustained by him.

Plaintiff filed his suit July 20, 1933, under the former Practice Act, which was in effect prior to January 1, 1934, making Kleinschmidt, Florence Otis and Webber Cartage Line, Inc., a corporation, defendants. Each of the two counts of the original declaration filed August 24, 1933, alleged that plaintiff was injured March 24, 1933, while riding as a guest in an automobile driven by Kleinschmidt when it collided with another automobile operated by defendant Florence Otis and with a truck operated by defendant Webber Cartage Line, and charged that defendants Otis and Webber Cartage Line were guilty of negligence and that Kleinschmidt was guilty of wilful and wanton conduct.

To both counts of the declaration Kleinschmidt filed a general and special demurrer, the latter averring *inter alia* that a charge of wilful and wanton conduct against Kleinschmidt could not properly be joined in the same count with a charge of negligence against the other two defendants. Although it does not appear in the record, the parties to this controversy agree in their briefs that at the conclusion of the argument on the demurrer the trial judge indicated that he would sustain same. Thereupon, on November 8, 1933, before any order was entered on the demurrer, on plaintiff's motion the cause was dismissed as to the defendant Kleinschmidt and leave was granted to plaintiff to file an amended declaration.

Such amended declaration was filed November 14, 1933, and consisted of four counts, the first three of which charged negligence against each of the remaining defendants and the fourth count charged them each with wilful and wanton conduct. Pleas were thereafter filed by the defendants Otis and Webber Cartage Line, and the case was at issue.

On March 21, 1935, before the statute of limitations had run against plaintiff's claim, and after due notice

to defendants Otis and Webber Cartage Line, the following order was entered by the trial court:

"On motion of Glenn Thompson, plaintiff in the above entitled cause, it is hereby ordered:

"(1) That Edward E. Kleinschmidt be and he is hereby made an additional party defendant in the above entitled cause.

"(2) That summons issue directed to said defendant returnable to the first Monday in April, 1935.

"(3) That the trial of this cause and the pleadings filed herein proceed in conformity to the provisions of the new Civil Practice Act.

"(4) That plaintiff be given leave to file his Second Amended Complaint instanter.

"(5) That the defendants, Florence Otis and Webber Cartage Line, Inc., a Corporation, be ordered to file their respective answers or motions to strike said amended complaint within a period of ten (10) days from this date."

On the same day and pursuant to the above order, plaintiff filed his second amended complaint naming Florence Otis, Webber Cartage Line and Kleinschmidt as defendants, and charging Florence Otis with five acts of negligence and also with wilful and wanton conduct, Webber Cartage Line with four acts of negligence and Kleinschmidt with four acts of wilful and wanton conduct.

Summons was issued to Kleinschmidt as directed by the order of March 21, 1935, and was personally served upon him.

Defendants Otis and Webber Cartage Line answered the second amended complaint, and on April 8, 1935, Kleinschmidt filed a special and limited appearance "for the sole purpose of contesting the jurisdiction of the court over my person." April 13, 1935, Kleinschmidt filed a verified motion to dismiss the cause as to him on the ground that "the court does

not have jurisdiction of the person of said defendant.''
His affidavit filed in support of this motion stated the
facts as hereinbefore set forth, including the fact that
on November 8, 1933, ''the court allowed said plaintiff
to take a voluntary nonsuit as to affiant; that the order
entered in said cause allowing plaintiff to take a volun-
tary nonsuit did not give leave to the plaintiff to move
to set aside.'' After several hearings Kleinschmidt's
motion was sustained June 15, 1935, and the cause dis-
missed as to him. It is from this order and judgment
that plaintiff appeals.

Plaintiff contends that his voluntary dismissal of
defendant Kleinschmidt (hereinafter for convenience
referred to as the defendant) was not a bar to a subse-
quent suit by him against the defendant, and that it
is immaterial whether such subsequent suit was a
separate new suit filed against Kleinschmidt alone or
whether he was made an additional party defendant
in the same action from which he had been theretofore
dismissed.

The defendant contends that after he had once been
voluntarily dismissed from the case by plaintiff, the
court lost all jurisdiction over him in that action and
that the procedure followed by the plaintiff was not
the commencement of a new suit.

It is conceded that plaintiff ''had the unqualified
right to dismiss Kleinschmidt from the suit'' as he did
and that after such dismissal he had the further right
to file a new suit against him on the same cause of
action at any time before the statute of limitations
had barred his claim.

Did the procedure followed by plaintiff pursuant to
the trial court's order of March 4, 1935, in making
Kleinschmidt an additional party defendant in the
pending cause, in procuring summons to issue and
having it personally served upon him and in filing his
second amended complaint as to the two defendants

who remained in the case, as well as to Kleinschmidt, constitute or was it in effect the commencement of a new suit as to Kleinschmidt?

Where a party takes a voluntary nonsuit against the sole defendant or against all of the defendants in a cause and thereby extinguishes the entire case, the well established rule in this State is as set forth in *Weisguth v. Supreme Tribe Ben Hur,* 272 Ill. 541, where the court said (p. 543):

"In case of a voluntary nonsuit upon motion of a plaintiff the court has no power to set aside the order of dismissal and reinstate the cause unless at the time the nonsuit is taken leave is given the plaintiff to move to set it aside. (*Barnes v. Barber,* 1 Gilm. 401; *Lombard v. Cheever,* 3 id. 469.) The reason for this rule is apparent. If a plaintiff by his deliberate and voluntary act secures the dismissal of his suit he must be held to have anticipated the effect and necessary results of this action and should not be restored to the position and the rights which he voluntarily abandoned. Having taken a nonsuit, his only recourse is to begin his action anew."

The instant case was not nonsuited but still survived and was pending, only one of the defendants having been voluntarily dismissed from it by plaintiff, and it might well be said that as to Kleinschmidt the action stood upon the same footing it would have occupied had he not been made a party in the first instance. No attempt was made to vacate the order of dismissal or to reinstate Kleinschmidt as one of the original defendants. Since his dismissal the Civil Practice Act with its more liberal provisions as to practice and procedure had gone into effect "to the end that controversies may be speedily and finally determined according to the substantive rights of the parties."

Plaintiff, a guest in Kleinschmidt's car, was precluded under the statute from recovering from him ex-

cept for his wilful and wanton conduct, and although the vehicles of all three of the original defendants were alleged to have been involved in the same occurrence out of which plaintiff received his claimed injuries, he was virtually compelled to dismiss as to Kleinschmidt under the strict rules of common law pleading which prevailed under the Practice Act of 1907 and the amendments thereto. Plaintiff was entitled to have his claim against the three defendants adjudicated in one trial, and we think it was the unmistakable intention of the legislature in adopting the salutary provisions of the Civil Practice Act to obviate situations such as arose in the case at bar, necessitating the dismissal of one of the defendants.

Does the Civil Practice Act sanction the procedure followed by plaintiff? It will be noted that the order of March 21, 1935, provided ''that the trial of this cause and the pleadings filed herein proceed in conformity to the provisions of the new Civil Practice Act.'' (Rule 1, Rules of Practice and Procedure of the Supreme Court.) The then defendants acquiesced in this order and Kleinschmidt had no right to object to it, because he was not a party to the cause at the time of its entry. The order itself and the amended complaint filed in pursuance thereof made him an additional party defendant.

The following provisions of the Civil Practice Act, we think pertinent and applicable to the question under consideration (ch. 110, Ill. State Bar Stats. 1935):

Par. 133, sec. 5 (in part):

''Every civil action, unless otherwise expressly provided by statute shall be commenced by the issuance of a summons.''

Par. 152, sec. 24:

''(Joinder of defendants.) (1) Any person may be made a defendant who, either jointly, severally or in the alternative, is alleged to have or claim an interest

in the controversy, or in any part thereof, or in the transaction or series of transactions out of which the same arose, or whom it is necessary to make a party for the complete determination or settlement of any question involved therein, or against whom a liability is asserted either jointly, severally or in the alternative arising out of the same transaction or series of transactions, regardless of the number of causes of action joined.

"(2) It shall not be necessary that each defendant shall be interested as to all the relief prayed for, or as to every cause of action included in any proceeding against him; but the court may make such order as may be just to prevent any defendant from being embarrassed or put to expense by being required to attend any proceedings in which he may have no interest.

"(3) Where the plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants, and state his claim against them in the alternative in the same count or plead separate counts in the alternative against different defendants, to the intent that the question which, if any, of the defendants is liable, and to what extent, may be determined as between the parties."

Par. 153, sec. 25:

"(Bringing in new parties.) Where a complete determination of the controversy cannot be had without the presence of other parties, the court may direct them to be brought in. Where a person, not a party, has an interest or title which the judgment may affect, the court, on application, shall direct him to be made a party. A new party shall be brought in by the service of a summons, which shall be drawn in the usual form with the addition of the statement, preceding the *teste* thereof, that this summons is issued pursuant to an order of the said court made on a date named."

Par. 154, sec. 26:

"(Non-joinder and mis-joinder of parties.) No action shall be defeated by non-joinder or mis-joinder of parties. New parties may be added and parties misjoined may be dropped by order of the court, at any stage of the cause, before or after judgment, as the ends of justice may require."

Par. 174, sec. 46:

"(1) At any time before final judgment in a civil action, amendments may be allowed on such terms as are just and reasonable, introducing any party who ought to have been joined as plaintiff or defendant, discontinuing as to any plaintiff or defendant, changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross demand."

It cannot be disputed that bringing Kleinschmidt into the cause as a new party defendant by the service of a summons upon him pursuant to the order of March 21, 1935, was the commencement of a new suit as to him. That the above quoted sections of the act governing the joinder of defendants and amendments contemplated the right of a plaintiff to proceed in one action against all persons as defendants who were proper or necessary for a complete determination of any and all questions involved, there can be no question. That Kleinschmidt was a necessary party for the full determination of the questions growing out of his alleged collision with the other automobile and truck must be conceded.

But Kleinschmidt insists that having been one of the original defendants he cannot be considered and treated as a new defendant and that plaintiff's only

recourse, having once dismissed him from the cause, was to have brought an entirely new suit against him, separate and apart from the original action. Numerous authorities are cited by the defendant in support of this contention, but practically all of them are inapplicable in that they are cases which through nonsuit were abandoned in their entirety as to the one or more defendants sued. Obviously nothing was left in those cases to amend or add to. No case has been called to our attention and we have been unable to find one which decides the precise question presented. The only case cited which is at all comparable with the situation here is *Zukowski v. Armour,* 107 Ill. App. 663. In that case plaintiff brought an action April 19, 1899, for personal injuries against Philip D. Armour, Jonathan O. Armour and Philip D. Armour, Jr., doing business as Armour & Company. January 22, 1901, plaintiff obtained an order of court "changing the name of defendant to Armour & Company, a corporation." An additional count was filed against the corporation as sole defendant. December 12, 1901, the corporation filed a plea that it was not incorporated until April 7, 1900, and, therefore, was not in business on the date of the alleged accident. December 14, 1901, plaintiff obtained an order of court granting him leave to amend his declaration by substituting Jonathan O. Armour, Philip D. Armour, Sr., and Philip D. Armour, Jr., doing business as Armour & Company as defendants, in place of the corporation, and on the same date he amended his declaration by substituting such individuals as defendants and dismissing as to the defendant Armour & Company, a corporation, and prayed for summons. March 5, 1902, Jonathan O. Armour, having been served with summons, appeared specially and moved the court to enter an order declaring the cause to have been dismissed and terminated by the order of December 14, 1901, substituting the individual defendants for the corporation and by

the amendment filed to the declaration on the same day. Jonathan O. Armour's motion was allowed, the trial court holding that the effect of the order substituting the individual defendants for the corporation defendant was to dismiss and terminate the cause. In affirming the order of the trial court, this court, after quoting the then pertinent sections of the Statute on Amendments and the Practice Act, said at p. 666 of its opinion:

"It will be observed that the amendments permitted by section 1 of chapter 7 relate to an action 'pending'; and that by section 23 of chapter 110 any necessary party may be 'joined' as plaintiff or defendant, and that the cause may be discontinued as to any 'joint plaintiff or joint defendant.' The plain reading of the latter section is that in order to add a necessary party to either side of the case *there must be a plaintiff or a defendant already there to whom the new party may be joined; and that when a discontinuance is asked as to plaintiff or as to defendant, there must then be another plaintiff or another defendant from whom the party discontinued may be severed.* Unless these essentials exist, the common law rule applies that to add a plaintiff or a defendant or to take away a plaintiff or a defendant, abates the action. The purpose of this statute is to cure the defect of misjoinder or of nonjoinder of proper parties without turning the case out of court, and not to substitute new parties for all of the plaintiffs or for all of the defendants. This statute is in derogation of the common law, *and if the sole defendant be dismissed out, no case remains in court.*" (Italics ours.)

That case instead of sustaining defendant's contention rather supports plaintiff's right to make Kleinschmidt an additional defendant in the pending action. The conclusion reached by the court in the *Armour* case that the individual defendants theretofore dismissed out of the case could not be brought into the

case again as defendants was not based on their previous dismissal, but on the fact that the dismissal out of the case of the corporation, which was the sole defendant at that time, left no case and left no defendant to whom the Armours as individual defendants might.be joined. The inference can readily be drawn from the language of the opinion that, if the case itself was still pending, additional defendants, even though they had been previously dismissed from the same action, might be joined to any still remaining in the cause.

Kleinschmidt "ought to have been joined" as a defendant in the original action and was, but, when the exigencies of the situation prompted his dismissal he was effectively out of the case, but the case itself was still pending. He was a stranger to the proceeding when the Civil Practice Act went into effect January 1, 1934, and it seems clear to us that plaintiff commenced a new suit against him just as efficaciously by making him an additional party defendant in the pending action, by causing summons to issue and by filing an amended complaint against him and the other two defendants as if he had filed a new independent action against him. Indeed, the course pursued was in harmony with the provisions of the Civil Practice Act, whereas if plaintiff had filed a new independent suit against Kleinschmidt it would undoubtedly have been consolidated for trial by the court with the pending cause upon motion of either of the parties.

As heretofore shown, plaintiff is entitled to a complete determination of the issues involved in one action against the three defendants. At any time after January 1, 1934, and before his right of action had been barred by the statute of limitations plaintiff might have taken a nonsuit as to the other two defendants and joined Kleinschmidt and the others as defendants in a new action under the Civil Practice Act, but the law does not require litigants to do useless and unnecessary things.

It is the tendency of modern jurisprudence to get away from many of the harsh rules of the common law. It would be inequitable and against both the spirit and the letter of the Civil Practice Act to compel plaintiff to try his action piecemeal: one case against Kleinschmidt alone and another case against the other two defendants. We fail to see where it would be of any real benefit, even to Kleinschmidt, to have forced plaintiff to take a nonsuit as to the remaining defendants and proceed all over again against the three defendants with the advent of the new Practice Act.

We are of the opinion that the order of the trial court allowing defendant Kleinschmidt's motion to dismiss this cause as to him for lack of jurisdiction was improperly and erroneously entered, and for the reasons indicated herein said order is reversed and the cause is remanded with directions to overrule defendant's motion of April 13, 1935, and for further proceedings not inconsistent with this opinion.

*Reversed and remanded with directions.*

SCANLAN, P. J., and FRIEND, J., concur.