## Catherine Fulton, Appellee, v. Milton S. Yondorf, Individually, Appellant.

### Gen. No. 43,081.

Opinion filed December 19, 1944. Released for publication January 4, 1945.

BURT A. CROWE and CARL E. ABRAHAMSON, both of Chicago, for appellant.

BEN M. SMITH and KROHN & MACDONALD, all of Chicago, for appellee; STUART B. KROHN and IAN P. MACDONALD, both of Chicago, of counsel.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This action was brought against Milton S. Yondorf, as trustee and individually, by plaintiff, Catherine Fulton, to recover damages for personal injuries alleged to have been sustained by her on July 26, 1939, when she slipped or tripped while walking down the stairs in the building located at 1137 Pratt Boulevard, Chicago, Illinois, in which she was a tenant. Milton S. Yondorf admitted in his answer that he operated, managed and controlled the premises in question as trustee only and not individually. The case was tried before the court and a jury and at the close of all the evidence plaintiff's counsel voluntarily and on his own motion dismissed the suit as against Milton S. Yondorf, individually, and the trial proceeded against Milton S. Yondorf, as trustee. The jury returned a verdict finding Yondorf, as trustee, guilty and assessed plaintiff's damages at $10,000. Defendant Yondorf, as trustee, filed a motion for judgment in his favor notwithstanding the verdict. While the motion of Yondorf, as trustee, for judgment notwithstanding the verdict was pending before the trial court, plaintiff's counsel

made a motion orally "for leave to withdraw and have vacated, her motion dismissing the said Milton S. Yondorf, individually, defendant, at the end of all the evidence and reinstate the case as to him, individually. And moved the court to amend the verdict of the jury by striking out the words, 'as trustee' therein, and to enter judgment upon the verdict as against Milton S. Yondorf, individually." After a hearing on the several motions the trial court entered an order granting "plaintiff's motion to vacate the order of dismissal as to Milton S. Yondorf, individually; and to reinstate same as to said defendant, individually"; denied "plaintiff's motion to strike out the words, 'as trustee' from the verdict of the jury, and to enter a judgment against the defendant, Milton S. Yondorf, individually, upon said verdict, as so amended"; granted "the motion of the defendant, Milton S. Yondorf, as trustee, for a judgment in his favor, as trustee, notwithstanding the verdict of the jury and against the plaintiff for costs"; and on its own motion granted "a new trial to the plaintiff as to the defendant, Milton S. Yondorf, individually." Milton S. Yondorf, individually, appeals from that part of the final order "wherein the Court allowed the plaintiff to withdraw her motion dismissing said cause as to Milton S. Yondorf, individually, and reinstate said cause as to Milton S. Yondorf, individually," and from that part of the order "wherein the Court on its own motion ordered that a new trial be had in said cause by the plaintiff against Milton S. Yondorf, individually." Plaintiff has not perfected a cross-appeal from the judgment notwithstanding the verdict entered in favor of Milton S. Yondorf, as trustee.

Milton S. Yondorf, individually, will hereinafter be sometimes referred to as the defendant. His theory as stated in his brief is that "the plaintiff, by her deliberate and voluntary act entered a dismissal of her suit as against Milton S. Yondorf, individually, and having done so, the court completely lost jurisdiction

of Yondorf as an individual and that plaintiff's only recourse as against Yondorf, individually, was to begin his action against him anew; that the court was in error in granting leave to the plaintiff to reinstate Milton S. Yondorf, individually and having done so, was necessarily in error in granting a new trial as to Yondorf, individually.''

Plaintiff's theory is stated as follows: ''1. Yondorf, Individual, was legally liable for the tortious conduct and acts of Yondorf, Trustee. 2. The jury, by their verdict, decided three ultimate facts, viz: (a) Yondorf, Trustee, was guilty of negligence in the operation of the building in question. (b) As the result of the negligence of Yondorf, Trustee, the plaintiff had sustained damages in the sum of $10,000.00. (c) The plaintiff was not guilty of contributory negligence. 3. The finding of these ultimate facts by the jury, entitled the plaintiff to a judgment against Yondorf, Individual, and, the court, having first vacated the order dismissing the case as to Yondorf, Individual, should have entered a judgment in favor of plaintiff and against Yondorf, Individual, in the sum of $10,000.00 upon the verdict of the jury.''

The paramount question presented for determination is whether, after plaintiff had voluntarily and deliberately dismissed the case as to Yondorf, individually, the trial court had any jurisdiction to vacate the order of dismissal and reinstate the case as to Yondorf, individually.

In deciding that he had the right to vacate the order of dismissal and reinstate the case as to Yondorf, individually, the trial judge rendered an opinion which contained the following statement as to this phase of the case:

''Plaintiff's motion for leave to withdraw his dismissal as to the defendant in his individual capacity presents a more difficult question. As against her right to do so counsel for defendant have cited *Weisguth v.*

*Supreme Tribe,* 272 Ill. 541; *Davis v. Robinson,* 374 Ill. 553; and *Thompson v. Otis,* 285 Ill. App. 523. Counsel for plaintiff has cited the following case in support of her right to withdraw her dismissal. *Watson v. Trinz,* 274 Ill. App. 379.

"The *Weisguth* case was decided prior to the present Practice Act and involved the question of a voluntary nonsuit and the consequent dismissal of the case. The case of *Davis v. Robinson,* also involved the dismissal of a suit.

"The case of *Thompson v. Otis,* 285 Ill. App. 523, is of interest to the present problem. In that case a dismissal was entered upon plaintiff's motion as to one of several defendants. Later it was sought to again bring him into the case as a new party defendant by service of a new summons. It was objected that inasmuch as he had once been voluntarily dismissed from the suit he could not now be made a new party thereto but that it would be necessary for the plaintiff to institute a new action against him. The *Weisguth* case was cited as authority against plaintiff's right. The court in its opinion refers to the *Weisguth* case as being in point only where the dismissal is as to a sole or all defendants. They state that in the instant case the dismissal as to one of the parties was not a nonsuit of the case and that the case still was pending. In my opinion the *Thompson* case is authority for the proposition that the *Weisguth* case and the case of *Dall v. Robinson* is not applicable to the case we are now considering. Of course it may be argued that counsel in the *Thompson* case considered it necessary to bring the dismissed defendant back in the case by motion to make him a new party defendant under the act rather than a vacation of the order of dismissal.

"The case of *Watson v. Trinz,* 274 Ill. App. 379, is relied upon by the plaintiff. Of course the facts there involved are readily distinguishable from those here presented."

The leading case in this state on the question under consideration is *Weisguth v. Supreme Tribe of Ben Hur*, 272 Ill. 541, where the court said at p. 543:

"In case of a voluntary non-suit upon motion of a plaintiff the court has no power to set aside the order of dismissal and re-instate the cause unless at the time the non-suit is taken leave is given the plaintiff to move to set it aside. (*Barnes v. Barber*, 1 Gilm. 401; *Lombard v. Cheever*, 3 id. 469.) The reason for this rule is apparent. If a plaintiff by his deliberate and voluntary act secures the dismissal of his suit he must be held to have anticipated the effect and necessary results of this action and should not be restored to the position and the rights which he voluntarily abandoned. Having taken a non-suit, his only recourse is to begin his action anew."

(*Davis v. Robinson*, 374 Ill. 553 and *Moist v. Jones*, 323 Ill. App. 286 (Abst.) are to the same effect.)

The only case cited or discussed in plaintiff's brief concerning the power of a trial court to reinstate a case as to a defendant who had been voluntarily dismissed therefrom is *Watson v. Trinz*, 274 Ill. App. 379, which the trial judge properly held was readily distinguishable from the instant case. There, one of several defendants was dismissed at the close of plaintiff's case, but the dismissal was ordered on said defendant's motion. A voluntary dismissal by plaintiff was not involved. There were elements of dishonesty and trickery on the part of the defense in that case, that are not present here, that fully warranted the vacation of the order of dismissal and the reinstatement of the case as to the defendant dismissed in the *Watson* case.

It will be noted from the foregoing opinion of the trial judge that he relied entirely upon the case of *Thompson v. Otis*, 285 Ill. App. 523, in reaching his conclusion that he had the power to vacate the order

of dismissal and reinstate the case as to Yondorf, individually. Plaintiff in the *Thompson* case voluntarily dismissed the action as to Kleinschmidt, one of the three defendants, and no attempt was made therein by said plaintiff to vacate the order of dismissal or to reinstate Kleinschmidt as one of the original defendants. Thereafter, before the statute of limitations had run against plaintiff's claim, an order was entered on his motion, making Kleinschmidt an additional party defendant and directing the issuance of summons to him. On the same day said order was entered plaintiff filed his second amended complaint naming as defendants Kleinschmidt and the other two original defendants. Summons was issued to Kleinschmidt as directed and was personally served upon him. The question before the court in the *Thompson* case was not whether the trial court had power to vacate an order of dismissal and reinstate the case as to a defendant who had been voluntarily dismissed by plaintiff but whether the procedure followed by the plaintiff therein "in making Kleinschmidt an additional party defendant in the pending cause, in procuring summons to issue and having it personally served upon him and in filing his second amended complaint as to the two defendants who remained in the case, as well as to Kleinschmidt," constituted or amounted in effect to the commencement of a new suit. In that case we did state that the rule enunciated in *Weisguth v. Supreme Tribe of Ben Hur, supra,* that "in case of a voluntary nonsuit upon motion of a plaintiff the court has no power to set aside the order of dismissal and reinstate the cause unless at the time the nonsuit is taken leave is given the plaintiff to move to set it aside" is only applicable where the voluntary nonsuit is taken by a plaintiff against the sole defendant or all the defendants in a case. We now think that this was an inaccurate statement of the rule and unnecessary to the result reached in the *Thompson* case, in which we held

that the procedure followed therein was in effect the commencement of a new suit.

The common-law rule set forth in the *Weisguth* case as to the legal effect of the voluntary dismissal of a case by a plaintiff has been followed without deviation and is still the law in this state. There is no provision in either the Civil Practice Act or the former Practice Act which either expressly or impliedly abrogates or modifies said rule. The reason for the rule as heretofore set forth in the *Weisguth* case, is that "if a plaintiff by his deliberate and voluntary act secures the dismissal of his suit he must be held to have anticipated the effect and necessary results of this action and should not be restored to the position and the rights which he voluntarily abandoned." This reasoning is equally applicable to a plaintiff's voluntary dismissal of a sole defendant, all of the defendants or one or more of several defendants in a case.

Plaintiff brought this action against Yondorf in two distinct capacities, individually and as trustee, and Yondorf must be considered to all intents and purposes in this suit as a separate defendant in each capacity. When plaintiff voluntarily dismissed the case as to Yondorf, individually, and failed to secure leave to vacate the order of dismissal at the time it was entered, she must be held to have deliberately abandoned her rights against him in that capacity. After said dismissal her only recourse was to bring a new action against him individually, if the statute of limitations had not run against her claim.

Plaintiff contends that the trial court erred in refusing to allow her motion "to amend the verdict of the jury by striking out the words, 'as trustee' therein, and to enter judgment upon the verdict as against Milton S. Yondorf, individually." There is no merit in this contention. When the verdict was rendered, Milton S. Yondorf, individually, was no longer a party to the suit and the court had no jurisdiction to bring him back into the case as a party defendant. It is

quite obvious that the trial court did not err in denying plaintiff's motion to amend the verdict and enter judgment thereon against Yondorf, individually.

Defendant included in his notice of appeal an appeal "from that part of the order aforesaid wherein the court on its own motion ordered that a new trial be had in said cause by the plaintiff against Milton S. Yondorf, individually." Plaintiff urges that defendant has no right of appeal from the order of the trial court granting a new trial as to Yondorf, individually, but could only file a petition for leave to appeal from such order in accordance with the provisions of the Civil Practice Act and the rules of the Supreme Court and this court. The "new trial" that was granted on the court's own motion was as to defendant Yondorf, individually, against whom there had been no trial and who was not a party to the suit when the verdict was rendered. This portion of the appeal is not concerned with the propriety of an order allowing a new trial of a case which had actually been tried against the defendant but it merely questions the jurisdiction of the trial court to order a new trial under the circumstances shown herein. In any event, the appeal from the order granting the new trial was merely incidental to and a part of the appeal from the order "granting plaintiff's motion to vacate plaintiff's voluntary dismissal of the suit as against Milton S. Yondorf, individually." Since the trial court had no jurisdiction to vacate the order of dismissal as to Yondorf, individually, and reinstate the case as to him, it necessarily follows that it had no jurisdiction to order a new trial as to him, individually. Even though defendant's appeal from the order granting a new trial were held to be improper and disregarded, still the order for a new trial would be of no avail to plaintiff, since there would be no case to retry without a defendant.

Both parties have presented motions, which have been reserved to hearing, to strike certain portions of each other's brief. Inasmuch as we have considered

and determined all the material questions presented by the briefs of plaintiff and defendant, said motions will be denied.

It is now conceded that Yondorf, as trustee, could not be held liable for plaintiff's alleged injuries and it is apparent that the trial judge entered the orders appealed from in an endeavor to extricate plaintiff from the unfortunate predicament she was in after the verdict was rendered. The statute of limitations had run against her cause of action. She had a verdict against Yondorf, as trustee, who could not be held liable in that capacity under the law, and she had voluntarily abandoned her case as to Yondorf, individually, against whom liability might be shown if he could have been brought back into the case in that capacity. However, as has been seen, the trial court had no jurisdiction to grant plaintiff's motion to vacate her voluntary dismissal of the case as to Yondorf, individually.

We are impelled to hold that the trial court erroneously entered the order granting "plaintiff's motion to vacate the order of dismissal as to Milton S. Yondorf, individually, and to reinstate same as to said defendant, individually" because it had no jurisdiction to enter said order and that the order granting "a new trial to the plaintiff as to the defendant, Milton S. Yondorf, individually" was also erroneously entered because of lack of jurisdiction of the trial court to enter same.

For the reasons stated herein the orders of the trial court granting "plaintiff's motion to vacate the order of dismissal as to Milton S. Yondorf, individually, and to reinstate same as to said defendant, individually" and granting "a new trial to the plaintiff as to the defendant, Milton S. Yondorf, individually" are reversed.

*Orders reversed.*

FRIEND and SCANLAN, JJ., concur.