THE VILLAGE OF ARLINGTON HEIGHTS, Plaintiff-Appellee, *v.* AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Trustee, *et al.*, Defendants.—(PASCHEN CONTRACTORS, INC., Defendant-Appellant.)

First District (1st Division)   No. 78-1660

Opinion filed May 29, 1979.

Duane C. Quaini, Robert C. Johnson, and Douglas H. McNaughton, all of Sonnenschein, Carlin, Nath & Rosenthal, of Chicago, for appellant.

No brief filed for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant Paschen Contractors, Inc., appeals from an order reinstating him as a party defendant in an action from which he had been

voluntarily dismissed with prejudice. Defendant Paschen was a lienholder on buildings plaintiff Village of Arlington Heights had sought to demolish for failure to comply with local health and safety ordinances. Defendant Paschen was voluntarily dismissed with prejudice from the suit seeking the injunction for demolition. A subsequently appointed receiver petitioned for an order reinstating defendant Paschen in the cause. Defendant Paschen appeals, arguing that the trial court was without authority to order reinstatement.

We vacate the order of the circuit court.

Plaintiff Village of Arlington Heights filed suit for the issuance of an injunction compelling the demolition of partially completed buildings located on certain property within the village. The basis for the injunction was the failure of the buildings to conform to minimum health and safety standards in accordance with plaintiff's ordinances. Named as defendants were the owners, mortgagees and other parties having interests or claims in the property including defendant Paschen Contractors, Inc., who was the holder of a perfected mechanic's lien in the property.

Before trial in this matter was commenced, defendant Paschen was dismissed from the lawsuit with prejudice by way of a voluntary nonsuit. The order dismissing Paschen was entered pursuant to a stipulation to dismiss between plaintiff and Paschen and stated as follows:

> "Plaintiff and defendant Paschen Contractors, Inc., having settled and compromised the controversy between them in this cause, hereby stipulate and agree, through their respective attorneys of record, that defendant, Paschen Contractors, Inc., may be dismissed from this cause with prejudice and without costs."

After defendant Paschen had been dismissed, the action was tried and a receiver was appointed to complete the construction of the buildings as originally planned. The receiver subsequently filed a petition for an order rejoining defendant Paschen as a party-defendant. After hearing oral argument on the matter, the trial court granted the petition, citing section 11—31—2 of the Illinois Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 11—31—2). Defendant Paschen appeals.

On appeal, defendant Paschen argues that the trial court was without authority to rejoin it to the lawsuit as a defendant since defendant Paschen had previously been dismissed with prejudice.

■■ ■ We agree. The leading case in Illinois on this issue is *Weisguth v. Supreme Tribe of Ben Hur* (1916), 272 Ill. 541, 112 N.E. 350. In *Weisguth*, the court stated as follows:

> "In the case of a voluntary non-suit upon motion of a plaintiff the court has no power to set aside the order of dismissal and re-instate the cause unless at the time the non-suit is taken leave is given the plaintiff to move to set it aside. (*Barnes v. Barber*, 1 Gilm. 401;

*Lombard v. Cheever*, 3 id. 469.) The reason for this rule is apparent. If a plaintiff by his deliberate and voluntary act secures the dismissal of his suit he must be held to have anticipated the effect and necessary results of this action and should not be restored to the position and the rights which he voluntarily abandoned." (272 Ill. 541, 543.)

The rule has been followed consistently by Illinois courts. (*Mayian v. Yellow Cab Co.* (1965), 63 Ill. App. 2d 449, 211 N.E.2d 551; *Underwood v. Yellow Cab Co.* (1971), 131 Ill. App. 2d 449, 268 N.E.2d 254; *Nashlund v. Sabade* (1976), 39 Ill. App. 3d 139, 350 N.E.2d 90.) It has not been abrogated by any provision of the Civil Practice Act including section 11—31—2 (Ill. Rev. Stat. 1977, ch. 24, par. 11—31—2) upon which the trial court relied in rejoining defendant Paschen to the lawsuit. Though section 11—31—2 does expressly grant a trial court the authority to issue an injunction or appoint a receiver in order to cause a building to comply with a municipality's health and safety ordinances, nowhere is there express or implied authority to rejoin a party previously dismissed from a lawsuit.

■■ In the instant case, there is no question that defendant Paschen was voluntarily dismissed from the cause of action. Furthermore, defendant Paschen was dismissed "with prejudice," which is tantamount to an adjudication on the merits. (*Gonzalez v. Gonzalez* (1955), 6 Ill. App. 2d 310, 127 N.E.2d 673.) At the time the dismissal was granted, it was not requested that leave to reinstate be granted. In view of Illinois case law, we hold that the trial court erroneously ordered reinstatement of defendant Paschen as a party-defendant in the cause.

Accordingly, for the foregoing reasons the order of the circuit court of Cook County is vacated.

Order vacated.

GOLDBERG, P. J., and CAMPBELL, J., concur.