COKER JOHNSON, Plaintiff-Appellee, *v.* UNITED NATIONAL INDUS-
TRIES, INC., Defendant-Appellant.

First District (5th Division)   No. 83—1597

Opinion filed June 29, 1984.

Michael J. Pavlicek, of Schaffenegger, Watson & Peterson, Ltd., of Chi-
cago, for appellant.

Lewis L. Hu, of Law Office of Robert C. Morton, of Chicago, for appel-
lee.

JUSTICE LORENZ delivered the opinion of the court:

We granted defendant's petition for leave to appeal under Su-
preme Court Rule 306(a)(1)(iii) (87 Ill. 2d R. 306(a)(1)(iii)) from the
trial court's order denying reconsideration of its earlier order, which
denied defendant's motion to quash service and dismiss plaintiff's
cause for lack of jurisdiction.

The sole issue on appeal is whether the trial court had jurisdiction
over defendant on June 29, 1982, in order to vacate plaintiff's volun-
tary dismissal entered on March 10, 1981.

The following facts are pertinent to the disposition of this appeal.

Plaintiff brought a products liability action against his employer,
United National Industries, Inc., a Delaware corporation, in which he
sought to recover damages for an injury he suffered as the result of
his use of a textile waste picker machine on May 10, 1979. The ma-
chine was allegedly designed and/or manufactured by defendant. Sum-
mons was served upon United at the office of its registered agent on

March 3, 1981. That same day, a notice of motion was sent to United's registered agent by plaintiff's attorney. In his motion, plaintiff sought leave to amend his complaint by dismissing defendant United and adding James Hunter Machine Company as defendant. (The record does not disclose whether United appeared on this motion.)

The trial court allowed plaintiff's motion on March 10, 1981, at which time it ordered that "leave be and is hereby granted to plaintiff to amend his complaint by dismissing United National Industries, Inc., a Delaware corporation, as a party defendant and adding James Hunter Machine Company as a party defendant and for summons to issue forthwith." The dismissal order was silent concerning the plaintiff's ability to later set aside the order of dismissal and reinstate the cause as against United.

Plaintiff then filed an amended complaint naming the James Hunter Machine Company (Hunter), a Massachusetts corporation, as defendant. After Hunter was served on March 18, 1981, it filed its verified answer in which it admitted to being engaged in the manufacture, sale and distribution of machinery for use in the textile industry, but generally denied most of plaintiff's allegations. Hunter's motion for summary judgment alleged that it had never designed, manufactured or placed into the stream of commerce any machinery to United's plant facilities. The motion for summary judgment was granted on June 29, 1982. At this time the trial court also ordered that its March 10, 1981, order which dismissed United as a party defendant be set aside and held for naught, and that the original complaint be reinstated as against defendant United with summons to issue forthwith.

On July 13, 1982, an alias summons was served upon United. Defendant filed a special and limited appearance and moved to quash the alleged service of summons and dismiss the cause of action for lack of jurisdiction, stating that it had been voluntarily dismissed by plaintiff 15 months prior to the June 29, 1982, reinstatement order. Defendant's motion further alleged, *inter alia*, that because more than 30 days had elapsed since its dismissal the court had lost jurisdiction and had no power to reinstate a cause of action against it; that the motion presented by plaintiff to reinstate it was *ex parte*; and that the motion presented by plaintiff was not in the form of a petition pursuant to section 2—1401 (formerly section 72) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401), and *therefore could not impart jurisdiction upon the court.*

Defendant's motion to quash and dismiss for lack of jurisdiction was denied by the trial court on April 5, 1983, at which time defend-

ant was ordered to file an answer to plaintiff's complaint by April 28, 1983. On June 9, 1983, the trial court denied defendant's motion for rehearing on its previous motion, as well as its request that the trial court amend its order of April 5, 1983, to reflect the certification of the involved question of law to the appellate court.

The issue presented on appeal is whether the trial court had jurisdiction over defendant on June 29, 1982, in order to vacate its previous order entered on March 10, 1981, and reinstate this cause of action against defendant when plaintiff had voluntarily dismissed defendant 15 months earlier.

OPINION

Defendant initially contends that the trial court erred in setting aside its order of voluntary dismissal entered on March 10, 1981, and reinstating this cause of action against it because the trial court did not have jurisdiction over it to do so.

Defendant relies principally on the supreme court's decision in *Weisguth v. Supreme Tribe of Ben Hur* (1916), 272 Ill. 541, 112 N.E. 350, where the court stated:

> "In involuntary non-suits the court may, in its discretion, set aside the order of dismissal and re-instate the cause. *In case of a voluntary non-suit upon motion of a plaintiff the court has no power to set aside the order of dismissal and re-instate the cause unless at the time the non-suit is taken leave is given the plaintiff to move to set it aside.* [Citations.] The reason for this rule is apparent. If a plaintiff by his deliberate and voluntary act secures the dismissal of his suit he must be held to have anticipated the effect and necessary results of this action and should not be restored to the position and the rights which he voluntarily abandoned. Having taken a non-suit, his only recourse is to begin his action anew." 272 Ill. 541, 543, 112 N.E. 350. (Emphasis added.)

This *Weisguth* rule has been cited in many succeeding cases to establish generally that where a plaintiff takes a voluntary dismissal, the court granting the dismissal loses jurisdiction to set aside the dismissal and reinstate the cause unless leave was granted at the time of dismissal to file a motion to set aside the order and reinstate the case. See, *e.g., People ex rel. Waite v. Bristow* (1945), 391 Ill. 101, 62 N.E.2d 545; *Bettenhausen v. Guenther* (1944), 388 Ill. 487, 58 N.E.2d 550; *Village of Arlington Heights v. American National Bank & Trust Co.* (1979), 72 Ill. App. 3d 744, 391 N.E.2d 108; *Miller v. Bloomberg* (1978), 60 Ill. App. 3d 362, 376 N.E.2d 748; *People ex rel.*

*Scott v. Police Hall of Fame, Inc.* (1978), 60 Ill. App. 3d 331, 376 N.E.2d 665; *Nashlund v. Sabade* (1976), 39 Ill. App. 3d 139, 350 N.E.2d 90; *Fulton v. Yondorf* (1944), 324 Ill. App. 452, 58 N.E.2d 640; *Thompson v. Otis* (1936), 285 Ill. App. 523, 2 N.E.2d 370.

Further, it is well established that plaintiff has an absolute right to voluntarily dismiss a defendant without prejudice prior to trial, and the court has no discretion to deny this motion for dismissal. (*Hale v. Ault* (1980), 83 Ill. App. 3d 78, 84, 403 N.E.2d 635.) In addition, section 24 of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 24a), now codified as section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217), provides that where an action is voluntarily dismissed by a plaintiff, the plaintiff has an absolute right to commence a new action within one year of the dismissal at trial court, or within the remaining statute of limitations, whichever is greater. (*LaBarge, Inc. v. Corn Belt Bank* (1981), 101 Ill. App. 3d 741, 744, 428 N.E.2d 711.) Although a plaintiff who obtains a voluntary dismissal under section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1009), may not move for leave to reinstate his action unless he obtained leave so to move at the time the dismissal order was entered (see *Weisguth v. Supreme Tribe of Ben Hur* (1916), 272 Ill. 541, 112 N.E. 350), this does not prevent a trial court from vacating the dismissal order on its own motion during the pendency of the term or its equivalent. *Miller v. Bloomberg* (1978), 60 Ill. App. 3d 362, 364-65, 376 N.E.2d 748.

Defendant posits that *Weisguth* and the longstanding string of cases which have followed its rule, when read in conjunction with section 24 of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 24a), now codified as section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par 13—217), illustrates the policy of the Illinois courts that voluntary dismissals are to be "characterized" as final and appealable orders. This interpretation, defendant contends, would result in the trial court's loss of jurisdiction over defendant 30 days after the plaintiff's voluntary dismissal without leave to reinstate.

To view the situation otherwise, defendant contends, would be unfair to a defendant who had been voluntarily dismissed without leave to be reinstated given to plaintiff. A defendant in this situation would then be forced into a place of "limbo" to await the vacation of this voluntary dismissal order at *any* time plaintiff deemed appropriate.

Plaintiff conversely argues that *Weisguth*, which involved a case where the sole plaintiff dismissed the suit against the sole defendant, is totally inapplicable to the case at bar. Plaintiff contends that the

trial court's March 10, 1981, order dismissing defendant United and adding Hunter as a defendant served to create a multiple-defendant situation, causing the trial court to retain its jurisdiction over defendant even after its voluntary dismissal of defendant and absent leave given plaintiff to reinstate defendant.

As authority of its position, plaintiff cites *Kalalinick v. Knoll* (1981), 97 Ill. App. 3d 660, 422 N.E.2d 1011, a case which, from the record, also appears to have been heavily relied upon by the trial court in formulating its decision to reinstate plaintiff's complaint as against defendant on June 29, 1982. In *Kalalinick*, the appellate court found the trial court had retained jurisdiction to vacate plaintiff's voluntary dismissal as to one of the multiple defendants involved and to reinstate the complaint as against another defendant even though the plaintiff had not requested leave to set aside the dismissal at the time it was entered.

Recognizing that originally under the *Weisguth* rule a voluntary dismissal was final and appealable in all instances where leave to reinstate was not given, it was the view of the *Kalalinick* court that the enactment of Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)) served to overturn the rule established in *Weisguth* "to the extent that rule has been applied to cases involving multiple issues or parties and that in such instances under Rule 304(a) the court has jurisdiction to vacate a voluntary dismissal and reinstate the complaint not only on its own motion [citation], but even on the motion of the plaintiff." *Kalalinick v. Knoll* (1981), 97 Ill. App. 3d 660, 664, 422 N.E.2d 1011.

Defendant posits that the holding in *Kalalinick* was *dictum* because the defendant in the *Kalalinick* decision had already waived jurisdiction by making a general appearance and litigating the case on its merits. (97 Ill. App. 3d 660, 664.) Defendant also argues that this "*dictum*" was contrary to contemporary authority. Further, it is defendant's position that even assuming *arguendo* that the *Kalalinick* decision does serve to hold the *Weisguth* rule inapplicable in a situation which deals with multiple defendants, it is still inapposite to the instant case, as here we are dealing with defendant's status as a sole defendant at the time of its voluntary dismissal.

We too find *Kalalinick* inapplicable to our present case, as it is our interpretation that the trial court never intended to create a multiple-defendant situation when it ordered that:

> "*** *leave be and is hereby granted* to plaintiff to amend his complaint by dismissing United National Industries, Inc. a Delaware Corporation, as a party defendant and *adding James Hunter Machine Company as a party defendant* and for sum-

mons to issue forthwith." (Emphasis added.)

Although we realize that the fact situation in *O.K. Electric Co. v. Fernandes* (1982), 111 Ill. App. 3d 466, 444 N.E.2d 264, is slightly different from that of the case at bar, we have found this case to be instructive in our resolution of the issue whether this controversy involves multiple-defendants.

In *O.K. Electric Co. v. Fernandes*, plaintiff O.K. Electric appealed from an order dismissing Frank Fernandes, d/b/a Creative Home Builders (Fernandes), as a defendant and substituting T.D.B.J.M., Inc. Upon being served, and prior to answering plaintiff O.K. Electric's complaint, original defendant Fernandes filed a motion to dismiss which alleged that plaintiff's complaint had failed to state the correct parties and that plaintiff should be suing T.D.B.J.M., Inc., an Illinois corporation. Thereafter, the trial court granted Fernandes' motion to dismiss and ordered T.D.B.J.M., Inc., substituted as a party defendant. Later, the trial court denied plaintiff's motion to set aside its earlier substitution order.

In its resolution of defendant Fernandes' objection to the court's lack of jurisdiction to entertain the appeal based upon Fernandes' argument that an order dismissing an individual defendant while retaining a corporate defendant was not appealable without the Rule 304(a) finding that there is no just reason for delaying enforcement or appeal, the appellate court in *O.K. Electric Co.* held that there were but two parties in existence when Fernandes filed his motion to dismiss. The court's reasoning for this determination was that the order dismissing Fernandes as a party to the lawsuit "effectively terminated the litigation between the parties, thereby becoming a final judgment which determined absolutely their respective rights in the lawsuit." (*O.K. Electric Co. v. Fernandes* (1982), 111 Ill. App. 3d 466, 469, 444 N.E.2d 264.) The appellate court went on further to state that the order substituting parties did "not operate to make this a suit involving multiple parties within the purpose of Rule 304(a) under these particular circumstances." 111 Ill. App. 3d 466, 469.

Applying this rationale to our present case, we find nothing in this record to indicate that plaintiff intended to involve two original defendants in his litigation at the same time and in the same lawsuit, and we therefore reject plaintiff's argument and find that United, at the time of its voluntary dismissal, was a sole defendant, and that therefore the *Weisguth* rule applies.

We recognize that the finality requirement of the *Weisguth* rule has come into question recently due to the appellate court's decision in *Kahle v. John Deere Co.* (1983), 119 Ill. App. 3d 850, *appeal al-*

*lowed* (1984), 99 Ill. 2d 529, where the court held that a voluntary dismissal, without prejudice, is not a final and appealable order. 119 Ill. App. 3d 850, 851.

The *Kahle* court based its "reluctant" decision on two recent supreme court decisions, *Wold v. Bull Valley Management Co.* (1983), 96 Ill. 2d 110, 449 N.E.2d 112, *cert. denied* (1983), 464 U.S. 936, 78 L. Ed. 2d 311, 104 S. Ct. 345, and *Flores v. Dugan* (1982), 91 Ill. 2d 108, 435 N.E.2d 480, dealing with dismissals for lack of prosecution and finding such dismissals not to be final and appealable orders because "the plaintiffs had an absolute right to refile the action against the same party or parties and to reallege the same causes of action. [Citations.]" (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 112-13.) Because this same absolute right to refile an action existed for the plaintiff taking a voluntary dismissal, without prejudice, in *Kahle,* the court felt obliged to follow the *Flores* and *Wold* decisions, noting "there has been no determination of the issues and fixing absolutely and finally the rights of the parties in the lawsuit, nor has there been any determination on the merits, so that all that remains is execution of the judgment." *Kahle v. John Deere Co.* (1983), 119 Ill. App. 3d 850, 852.

However, in the present case, we find that, as a direct extrapolation of the reasoning behind the *Flores, Wold* and *Kahle* decisions, plaintiff's voluntary dismissal of defendant on March 10, 1981, became a final order on March 10, 1982, because plaintiff failed to exercise his absolute right to refile his action within one year of his dismissal of United under section 24 of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 24a), now codified in section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217). Thus, the trial court lacked jurisdiction over defendant to enter its June 29, 1982, order reinstating plaintiff's original cause of action as against defendant. We therefore vacate the trial court's order of June 29, 1982.

Order vacated.

MEJDA, P.J.,* and SULLIVAN, J., concur.

---

*Justice Kenneth E. Wilson heard oral argument in this case. Following his death Presiding Justice James J. Mejda was substituted and has listened to the tapes of the oral argument and read the brief and record.