LARRY A. DOUGLAS, Plaintiff-Appellant, v. RONALD D. WALTER, Defendant-Appellee.—LARRY A. DOUGLAS, Plaintiff-Appellant, v. CITY NATIONAL BANK *et al.*, Defendants-Appellees.

Fifth District   Nos. 5—85—0624, 5—85—0625 cons.

Opinion filed October 6, 1986.

Larry A. Douglas, for appellant, *pro se.*

Joseph J. Neely, of Neely & Neely, of Metropolis, for appellees.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Larry A. Douglas, appeals *pro se* from orders entered by the circuit court of Massac County on August 12, 1985, in two related cases. Those orders denied plaintiff's request that the circuit court's judgments of voluntary dismissal with prejudice, previously entered in each case on plaintiff's motion, be modified to show that dismissal of plaintiff's causes of action was without prejudice. Because of the similarity of issues and facts presented, this court has, on its own motion,

consolidated plaintiff's appeals for decision. A motion to dismiss the appeals for want of jurisdiction, filed by defendants, Ronald D. Walter and City National Bank *et al.*, has been taken with the case. For the reasons which follow, we deny defendant's motion to dismiss, reverse the circuit court's orders and remand for further proceedings.

The facts giving rise to these appeals are not in dispute. On August 14, 1984, plaintiff filed a *pro se* complaint for replevin against defendant Ronald D. Walter, alleging that Walter was unlawfully detaining certain of plaintiff's farm equipment. On September 20, 1984, plaintiff filed a separate *pro se* complaint for injunctive relief against defendants City National Bank *et al.* to prevent the sale or disposition of that equipment or its transportation beyond the court's jurisdiction. The equipment, consisting of a tractor, tractor cab and tractor wheel weights, apparently served as collateral for a loan which plaintiff obtained from City National Bank and was repossessed by the bank when plaintiff defaulted.

On September 21, 1984, defendant Walter filed his answer, but defendants City National Bank *et al.* moved to dismiss. Their motion was granted, and plaintiff was given 21 days to file an amended complaint. On November 1, 1984, attorney J. C. Mitchell entered his appearance on plaintiff's behalf and filed motions with proposed orders to voluntarily dismiss both cases with prejudice. Plaintiff's motions were granted by orders of the court on November 8, 1984. On December 3, 1984, plaintiff's attorney filed additional motions in each case requesting that the orders of voluntary dismissal be modified to show that the dismissals were without prejudice. As grounds for these motions, plaintiff's attorney alleged that his original motions for voluntary dismissal and the proposed orders which he prepared and submitted to the court for approval called for dismissal with prejudice only because of a clerical error by his office and should have specified that the dismissals were to be without prejudice as authorized by section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1984, ch. 110, par. 2—1009). Plaintiff's motions were denied by the court in separate orders on August 12, 1985, following a hearing, and on September 11, 1984, plaintiff filed his notices of appeal.

The basis for the circuit court's August 12 orders was set forth in a memorandum to the parties filed by the court on July 31, 1985. That memorandum, incorporated by reference in the orders of August 12, contained the court's findings of fact and conclusions of law. It stated: "I have no doubt that the Motion for Voluntary Dismissal filed by plaintiff was filed pursuant to Section 2—1009 of the Code of Civil Procedure, although the motion does not specifically so state." Sec-

tion 2—1009 (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009) provides in part:

> "(a) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, *without prejudice*, by order filed in the cause." (Emphasis added.)

The court's memorandum further stated:

> "Likewise, I have no doubt that the inclusion of the words 'with prejudice' instead of 'without prejudice' was an inadvertent error, and that the true intent was to seek a nonsuit without prejudice. Being aware of human frailties to which we are all subject, my normal inclination under such circumstances would be, in the interest of justice, to allow the mistake to be corrected. Given the power, I would do so in this case. But I am convinced the court in this instance is without power to grant plaintiff's motion."

There is no dispute that the court's findings of fact were supported by the evidence. Accordingly, the only question for review is whether the court erred in concluding as a matter of law that it could not modify its orders to show that the dismissals were without prejudice as plaintiff intended.

Two reasons were given by the court for its decision. First, it held that its original orders of voluntary dismissal with prejudice divested it of authority to consider any further proceedings with regard to plaintiff's causes of action. As support for this view, the court relied on *Weisguth v. Supreme Tribe of Ben Hur* (1916), 272 Ill. 541, 112 N.E. 350, and *Bettenhausen v. Guenther* (1944), 388 Ill. 487, 58 N.E.2d 550. In *Weisguth*, our supreme court established the rule that "[i]n case of a voluntary non-suit upon motion [by] a plaintiff the court has no power to set aside the order of dismissal and re-instate the cause unless at the time the non-suit is taken leave is given the plaintiff to move to set it aside." (*Weisguth v. Supreme Tribe of Ben Hur* (1916), 272 Ill. 541, 543, 112 N.E. 350.) *Bettenhausen* applied the *Weisguth* rule to find that where a case is voluntarily dismissed on plaintiffs' motion and leave to reinstate was not requested or granted at the time of dismissal, the court is "wholly without power" to make any order in the case except for the taxing of costs against plaintiffs. (*Bettenhausen v. Guenther* (1944), 388 Ill. 487, 490, 58 N.E.2d 550.) Plaintiff in this case admittedly did not seek leave to set aside the dismissals when he filed his motions. Because the dismissals were with prejudice, such a request would, indeed, have been anomalous. We

nevertheless find the *Weisguth* rule to be inapplicable.

*Weisguth* involved a voluntary dismissal without prejudice and was decided on common law principles. Although numerous decisions have interpreted the case to mean that a court is deprived of "jurisdiction" to vacate a voluntary dismissal without prejudice unless leave to reinstate was requested at the time of dismissal, our court has previously observed that such an interpretation is questionable, particularly in light of the Illinois Constitution of 1970 and present supreme court rules and Illinois statutes. (See *Weilmuenster v. H. H. Hall Construction Co.* (1979), 72 Ill. App. 3d 101, 107, 390 N.E.2d 579, 583.) We need not repeat that discussion here. We note only that the rationale for the *Weisguth* rule was explained as follows:

> "If a plaintiff by his deliberate and voluntary act secures the dismissal of his suit he must be held to have anticipated the effect and necessary results of this action and should not be restored to the position and rights which he voluntarily abandoned. Having taken a non-suit, his only recourse is to begin his action anew." (*Weisguth v. Supreme Tribe of Ben Hur* (1916), 272 Ill. 541, 543, 112 N.E.2d 350, 351.)

Given this rationale, *Weisguth* is properly described under present law as being based on concepts of equitable estoppel (*Miller v. Bloomberg* (1978), 60 Ill. App. 3d 362, 364, 376 N.E.2d 748, 749), waiver or terms of similar import (*Weilmuenster v. H. H. Hall Construction Co.* (1979), 72 Ill. App. 3d 101, 107, 390 N.E.2d 579, 583) and not "jurisdiction." Such a view is confirmed by those decisions which have recognized that the *Weisguth* rule does not prevent a trial court from vacating an order of voluntary dismissal on its own motion during the pendency of the court's term or its equivalent or on motion of the defendant. See *Johnson v. United National Industries, Inc.* (1984), 126 Ill. App. 3d 181, 184, 466 N.E.2d 1177, 1180; *Miller v. Bloomberg* (1978), 60 Ill. App. 3d 362, 364-65, 376 N.E.2d 748, 750; *Smith v. Monumental Life Insurance Co.* (1939), 301 Ill. App. 217, 218, 22 N.E.2d 399.

■ The *Weisguth* rule works no injustice on plaintiffs who have voluntarily dismissed without prejudice, for they retain the right to commence their action anew within one year of the dismissal or within the remaining period of limitation, whichever is greater. (Ill. Rev. Stat. 1985, ch. 110, par. 13—217; *Johnson v. United National Industries, Inc.* (1984), 126 Ill. App. 3d 181, 184, 466 N.E.2d 1177, 1180.) The situation is quite different where, as here, plaintiff's voluntary dismissal is with prejudice. A voluntary dismissal with prejudice is tantamount to an adjudication on the merits. (*Village of Arlington*

*Heights v. American National Bank & Trust Co.* (1979), 72 Ill. App. 3d 744, 746, 391 N.E.2d 108, 110.) A plaintiff who takes such a dismissal is therefore forever barred from refiling his cause. If the *Weisguth* rule were applied under these circumstances, a plaintiff would have no redress even where, because of fraud by the defendant, excusable neglect, or for other reasons discovered by plaintiff at the time of the dismissal order but not apparent on the record and unknown to the court, allowing the dismissal to stand would be fundamentally unfair.

■ We further note that *Weisguth* and its progeny involved situations where plaintiffs sought to set aside an order of dismissal and reinstate their causes of action. Plaintiff here seeks no such relief. Although his motions were each styled "Motion to Vacate Order of Dismissal, Amend Motion, and for Voluntary Dismissal," the trial court correctly acknowledged that these motions actually requested that the orders of voluntary dismissal be modified, not vacated. Unlike those cases to which the *Weisguth* rule is addressed, plaintiff here was not attempting to revive his claims so that he could proceed immediately against defendants on the merits in the same action. (*Cf. Village of Arlington Heights v. American National Bank & Trust Co.* (1979), 72 Ill. App. 3d 744, 391 N.E.2d 108.) Had plaintiff's motions been granted, his claims would still have been dismissed and defendants would have suffered no undue prejudice. The only consequence would have been that plaintiff would retain the option of reviving those claims in a completely new action at some later time, an option which the *Weisguth* rule presumes to exist. Accordingly, we conclude that the trial court erred in holding under *Weisguth* that it lacked the power to modify its original orders of voluntary dismissal on plaintiff's motions to specify that the dismissals were without prejudice.

The second reason given by the circuit court for its decision was that the record contained no pleading which would support the relief requested. This rationale is without merit. As previously noted, the orders dismissing plaintiff's complaints with prejudice constituted adjudications on the merits. Because those orders terminated the litigation on the merits and determined the rights of the parties, they were final judgments. (See *Weilmuenster v. H. H. Hall Construction Co.* (1979), 72 Ill. App. 3d 101, 106, 390 N.E.2d 579, 583.) Section 2—1203(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203(a)) provides that in all nonjury cases, a party may, within 30 days after entry of judgment, "file a motion for a rehearing, or a retrial, for modification of the judgment or to vacate the judgment or for other relief." Plaintiff filed such motions. We are aware of no au-

thority holding that the grounds alleged by plaintiff are not a proper subject for relief under this provision. Plaintiff's motions to modify were expressly filed pursuant to its terms, and they were timely. Plaintiff's motions thus provided an adequate basis upon which the relief he sought could be granted.

The decision as to whether a motion filed under section 2—1203(a) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203(a)) should be granted rests with the sound discretion of the trial court. (See *In re Adoption of Mantzke* (1984), 121 Ill. App. 3d 1060, 1065, 460 N.E.2d 80, 84.) In the cases now before us, the trial court did not exercise its discretion, for it believed, erroneously, that it had none. Although the court's memorandum to the parties suggests that it would have granted plaintiff's motions if it had the power to do so, we nevertheless believe that the proper course is to remand so that the trial court can fully consider the matter in light of the proper legal standards. In ordering this remand, we intimate no view on the merits of plaintiff's motions. We note only that while the inadvertent or negligent conduct by counsel here does not require that the judgments be modified, neither does it necessarily bar such relief. See *Adams v. Grace* (1970), 128 Ill. App. 3d 69, 81, 262 N.E.2d 489, 495.

The only remaining issue for us to consider is defendants' motion to dismiss these appeals. While the circuit court erred in its application of the law to plaintiff's motions, defendants nevertheless argue that plaintiff's appeals were tardy and that we are therefore without jurisdiction to consider them. Given our holding that plaintiff could properly challenge those orders by way of motions filed pursuant to section 2—1203(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203(a)), this argument must fail. Under Supreme Court Rule 303(a)(1) (94 Ill. 2d R. 303(a)(1)), plaintiff had 30 days from entry of the orders disposing of his section 2—1203 motions to file his notices of appeal. Those orders were entered August 12, 1985. Plaintiff's notices of appeal were filed September 11, 1985, within 30 days, and were therefore timely.

For the foregoing reasons, defendant's motion to dismiss is denied, the judgments of the circuit court of Massac County are reversed, and these cases are remanded for further proceedings consistent with this opinion.

Motion denied; judgments reversed and causes remanded.

WELCH and KARNS, JJ., concur.