KATHLEEN HOWARD, Indiv. and as Mother and Next Friend of Joshua Howard, a Minor, Plaintiff-Appellant, v. PHILOMENA FRANCIS *et al.*, Defendants-Appellees.

Third District   Nos. 3—88—0624, 3—89—0546 cons.

Opinion filed October 12, 1990.—Rehearing denied November 28, 1990.

Michael L. Bolos, Ltd., of Shorewood, and Snyder, Jaquays & Washburn, of Joliet (Michael L. Bolos and Andrew B. Boyer, of counsel), for appellant.

Robert J. Baron, of Rooks, Pitts & Poust, of Joliet (Pamela Davis, of counsel), for appellees Philomena Francis and P.A. Edwin.

Diane I. Jennings, Robert B. Austin, and Hugh C. Griffin, all of Lord, Bissell & Brook, of Chicago, for appellee John B. Roth, Jr.

Dorothy F. French, of French, Kezelis & Kominiarek, P.C., of Wheaton, for appellee Morris Hospital.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

These consolidated appeals arise out of a medical malpractice action filed on behalf of the plaintiff-minor, Joshua Howard, for birth-related injuries. The plaintiff appeals from two trial court orders: (1) the trial court's denial of the plaintiff's motion to vacate an order which granted the plaintiff a second voluntary dismissal; and (2) the trial court's dismissal of the plaintiff's third filing of the case with prejudice on the grounds of excessive filings pursuant to section 13—217 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—217). We affirm.

In 1982, the plaintiff filed a medical malpractice action against defendants Morris Hospital, Dr. Philomena Francis, Dr. P.D. Edwin, and Dr. John B. Roth, alleging that defendants rendered negligent medical treatment during the delivery and post-delivery care of the minor plaintiff, causing him permanent neurological injury. After the trial of this matter was rescheduled 11 times, the plaintiff voluntarily dismissed the action on March 27, 1985. The action was then refiled on August 21, 1985. Trial of the second action was rescheduled five times and numerous motions for continuances were granted. On July 2, 1987, the plaintiff moved for his fourth continuance because of the purported unavailability of one of his three experts, Dr. J. Patrick Lavery. At the time the plaintiff requested the continuance, the trial was scheduled for July 13, 1987. The trial court denied the motion for continuance.

Thereafter, on July 10, 1987, the plaintiff moved to substitute Dr. Robert D. Eden as an expert in place of Dr. Lavery. The plaintiff sent defense counsel a detailed outline of Dr. Eden's opinions, which the defendants claim differed substantially from the opinions

rendered by Dr. Lavery. The circuit court did not rule on the plaintiff's motion to substitute, but indicated that it was disinclined to add an expert on the Friday before a Monday trial date. On July 13, 1987, the day trial was to commence, plaintiff moved to voluntarily dismiss his complaint for a second time. The plaintiff asserted therein that Dr. Lavery was unavailable, and that he was afraid that the court would not permit him to present the testimony of Dr. Eden or, alternatively, that if Dr. Eden's testimony was allowed, the testimony would be grounds for reversal on appeal should plaintiff prevail at trial. The motion for voluntary dismissal was granted on July 14, 1987, over defendants' objections.

Finally, on August 12, 1987, the plaintiff filed a motion to vacate the July 13, 1987, voluntary dismissal and additionally filed a third action in this matter. Defendants filed a motion to dismiss the third action. The trial court denied the plaintiff's motion to vacate the voluntary dismissal of the 1985 filing and granted defendants' motion to dismiss the 1987 filing as an excessive filing under section 13—217 (Ill. Rev. Stat. 1987, ch. 110, par. 13—217).

Three issues are presented by this appeal: (1) whether the trial court had jurisdiction to grant the plaintiff's motion to vacate the voluntary dismissal of his 1985 filing; (2) whether the trial court erred in dismissing the plaintiff's third filing on the grounds of excessive refilings; and (3) whether the trial court abused its discretion in denying the plaintiff's July 2, 1987, motion for a continuance.

■■ ■ It is well settled that a circuit court may not set aside a voluntary dismissal unless, at the time it was entered, the plaintiff was granted leave to later move to vacate the order. (*Weisguth v. Supreme Tribe of Ben Hur* (1916), 272 Ill. 541.) Such leave was not granted in this case. The reason for this rule is that "[i]f a plaintiff by his deliberate and voluntary act secures the dismissal of his suit he must be held to have anticipated the effect and necessary results of this action and should not be restored to the position and rights which he voluntarily abandoned." (*Weisguth*, 272 Ill. at 543.) Here, the plaintiff freely and voluntarily chose to dismiss his complaint for a second time over defendants' objections. Thus, the trial court did not have the power to vacate its order of dismissal and reinstate the plaintiff's medical malpractice action.

■■ The plaintiff next argues that the trial court erred in dismissing the plaintiff's third filing of this action based on a misinterpretation of section 13—217 of the Illinois Code of Procedure. Section 13—217 provides in relevant part:

"In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if *** the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** *may commence a new action within one year or within the remaining period of limitation, whichever is greater*, after *** the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution ***." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 110, par. 13—217.)

The plaintiff maintains that section 13—217 permits a plaintiff to file a cause of action as many times within the original statute of limitations as is necessary. Therefore, because the plaintiff is an incompetent minor whose statute of limitations does not expire until his disabilities are removed (Ill. Rev. Stat. 1989, ch. 110, par. 13—212), the plaintiff claims that his third filing is permissible. The plaintiff relies on the fifth district appellate case of *Relaford v. Kyaw* (1988), 173 Ill. App. 3d 1034, 1042, which held that, under section 13—217, "[t]he plaintiff has a right to file as many times as needed within the original statute of limitations."

We reject the plaintiff's argument based on the reasoning set forth in the first district appellate case of *Walicek v. Ciba-Geigy Corp.* (1987), 155 Ill. App. 3d 667, our decision in *Reed v. Illinois Concepts* (3d Dist. 1989), No. 3—88—0217 (unpublished order under Supreme Court Rule 23), and the first district appellate case of *Bernstein v. Gottlieb Memorial Hospital* (1989), 185 Ill. App. 3d 709. In *Walicek*, the plaintiff filed two actions prior to the expiration of the statute of limitations with the first suit being dismissed for want of prosecution and the second suit being voluntarily dismissed 11 months after the statute of limitations had expired. The plaintiff then attempted to file a third complaint. The *Walicek* court found that section 13—217 expressly permits one, and only one, refiling of the claim "even if the statute of limitations has not expired," and therefore reversed the circuit court's denial of the defendants' motion to dismiss plaintiff's third complaint.

This court in *Reed v. Illinois Concepts* (3d Dist. 1989), No. 3—88—0217 (unpublished order under Supreme Court Rule 23) was presented with a fact pattern similar to *Walicek*. In *Reed*, the plaintiffs filed two causes of action prior to the expiration of the statute of limitations, which were voluntarily dismissed, and then filed a

third action after expiration of the statute of limitations. This court followed the holding of *Walicek* and found that section 13—217 only permits a plaintiff to refile a cause of action one time and that "by its very terms, section 13—217 is obviously intended to take into account refilings occurring prior to expiration of the statutory time period." (*Reed*, No. 3—88—0217, slip op. at 8 (unpublished order under Supreme Court Rule 23).) Moreover, this court expressly rejected the *Relaford* holding, which the plaintiff relies on, by stating:

> "In *Relaford* the Fifth District Appellate Court held that a 'plaintiff has a right to file as many times as needed within the original statute of limitation.' (*Relaford*, 173 Ill. App. 3d 1034, 527 N.E.2d, at 1334.) We simply regard this holding as an incorrect statement of the law in light of prior case law and the language contained within section 13—217." *Reed*, No. 3—88—0217, slip op. at 12 (unpublished order under Supreme Court Rule 23).

The *Relaford* case has also been distinguished in *Bernstein v. Gottlieb Memorial Hospital* (1989), 185 Ill. App. 3d 709, a case which mirrors the facts of the instant case. In *Bernstein*, an incompetent minor attempted to file a malpractice action for a third time before the statute of limitations had expired. The *Bernstein* court agreed with the reasoning in *Walicek* which interpreted "a new action" in section 13—217 to mean that only one refiling is permitted, even if a statute of limitations has not expired. *Bernstein* (1989), 185 Ill. App. 3d at 713.

■ The common thread running through *Walicek, Reed,* and *Bernstein* is that each case adheres to rules of statutory construction by giving effect to the plain meaning of the statutory language of section 13—217. (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139-40.) The phrase "may commence a new action *** within the remaining period of limitation" is unambiguous and must be interpreted to mean that only one refiling is permitted regardless of whether or not the applicable statute of limitations has expired. Accordingly, we find that the trial court did not err in dismissing the plaintiff's third filing of the case with prejudice.

■ Finally, there is no merit to the plaintiff's claim that the trial court abused its discretion in denying the plaintiff's fourth motion for a continuance. The plaintiff's request was predicated on the alleged unavailability of his own expert witness. Supreme Court Rule 231 provides that a party who applies for a continuance based on the absence of material evidence *shall* support the motion by affidavit. (107 Ill. 2d R. 231(a).) Here, no such affidavit accompanied

the plaintiff's motion for continuance and this alone is a sufficient basis to deny the plaintiff's motion. *Mikarovski v. Wesson* (1986), 142 Ill. App. 3d 193.

For all the foregoing reasons, the decision of the circuit court of Will County is affirmed.

Affirmed.

BARRY and GORMAN, JJ., concur.