GEORGE R. RIPPLINGER, SR., *et al.*, Plaintiffs-Appellants, v. JAMES QUIGLEY *et al.*, Defendants-Appellees.

Fifth District   No. 5—91—0070

Opinion filed August 3, 1992.

George R. Ripplinger, Jr., of Ripplinger, Dixon & Johnston, of Belleville, for appellants.

Clark H. Cole and Andrew B. Mayfield, both of Armstrong, Teasdale, Schlafly & Davis, of St. Louis, Missouri, for appellees.

JUSTICE WILLIAM A. LEWIS delivered the opinion of the court:

Plaintiffs appeal from the dismissal, for lack of jurisdiction, of their motion to reinstate a civil suit. The complaint for property damage and personal injuries arising out of an automobile collision was filed on July 10, 1990, and a settlement was apparently reached between plaintiffs and the claims adjuster for defendants' insurance company. On August 23, 1990, an order of dismissal was entered by the trial court finding that "the foregoing cause of action has been

fully compromised, settled and released, and the same is hereby dismissed, with prejudice as to the above-named defendants only."

Plaintiffs thereafter filed a motion to reinstate alleging that the claims adjuster had agreed to send checks for the personal injuries to the plaintiffs and a check for $10,282.48 to plaintiff George Ripplinger's insurance company for the damage to the vehicle. Plaintiffs received their checks for the personal injuries, but plaintiff's insurance company did not receive anything for the property damage. Plaintiffs claim that the insurance adjuster repudiated the settlement agreement, which defendants deny.

Plaintiffs' motion to reinstate was granted *ex parte* and the order of August 23, 1990, was vacated. The defendants, at different times, filed special appearances pursuant to section 2—301 of the Civil Practice Law (Ill. Rev. Stat. 1989, ch. 110, par. 2—301), "objecting to jurisdiction over said defendants on the ground that this lawsuit was voluntarily dismissed August 23, 1990, and cannot be validly 'reinstated.' " The trial judge dismissed plaintiffs' motion to reinstate as to defendants L & H Market and Lucky Trading on November 13, 1990, saying "Defendants' Motion to Dismiss granted/ Plaintiff may re-file [*sic*] a seperate [*sic*] cause to address the issues as raised in plaintiff's motion to re-instate [*sic*]." The trial judge further dismissed plaintiffs' motion to reinstate against James Quigley saying: "Defendant[] has specially entered an appearance for James Quigley; Defendant and Plaintiff agree said motion; Defendant Motion is well taken; see order of November 13, 1990. Plaintiff may re-file [*sic*] a seperate [*sic*] cause as *Weisguth* described."

We disagree with the trial court.

Defendants filed special appearances in accordance with section 2—301 challenging only jurisdiction and not the validity of plaintiffs' motion to reinstate. By doing so, defendants did not submit to jurisdiction. (See *J.C. Penney Co. v. West* (1983), 114 Ill. App. 3d 644, 449 N.E.2d 188.) Even though the trial court's order of dismissal of plaintiffs' motion to reinstate stated "defendants' motion to dismiss granted," we construe that order to mean that defendants' special appearances objecting to the jurisdiction over defendants were sustained. Both sides agree that the sole issue involves jurisdiction and not the merits of plaintiffs' motion to reinstate.

The importance of this case lies in the clash between common law principles versus the Civil Practice Law, most specifically section 2—1203. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1203.) There are, in addition to section 2—1203, three other sections of the Code of Civil Procedure that pertain to voluntary dismissals, namely: 2—1009, 2—1401,

and 13—217. Ill. Rev. Stat. 1989, ch. 110, pars. 2—1009, 2—1401, 13—217.

■ Section 2—1203 states in part:

"Motions after judgment in non-jury cases. (a) In *all* cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for some other relief." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1203(a).)

The issue in this case is whether section 2—1203 gives the trial court jurisdiction to hear a motion to reinstate a cause that was voluntarily dismissed with prejudice at the request of the plaintiff pursuant to a settlement.

Defendants cite four cases as authority for the rule that the court loses jurisdiction and cannot reinstate a voluntary dismissal by a plaintiff with prejudice, namely: *Weisguth v. Supreme Tribe of Ben Hur* (1916), 272 Ill. 541, 112 N.E. 350; *Bettenhausen v. Guenther* (1944), 388 Ill. 487, 58 N.E.2d 550; *Village of Arlington Heights v. American National Bank & Trust Co.* (1979), 72 Ill. App. 3d 744, 391 N.E.2d 108; and *Howard v. Francis* (1990), 204 Ill. App. 3d 722, 562 N.E.2d 599. All of these cases were decided on the common law, and none of them discuss the Civil Practice Law or the common law being an exception to the Civil Practice Law. (The second issue in *Howard* does address refiling under section 13—217.) In fact, the Code of Civil Procedure provides in section 1—108(c) that the common law prevails only "[a]s to all matters not regulated by statute or rules of court." Ill. Rev. Stat. 1989, ch. 110, par. 1—108(c).

In *Weisguth*, the plaintiff moved for a nonsuit at the close of his evidence in order to prevent the court from giving a peremptory instruction to the jury to find for the defendant. The plaintiff moved to reinstate the case and it was tried again. A new trial was granted for some unknown reason and the case was tried a third time. The supreme court, in discussing the issue of reinstatement of the cause, said:

"In case of a voluntary non-suit upon motion of a plaintiff the court has no power to set aside the order of dismissal and reinstate the cause unless at the time the non-suit is taken leave is given the plaintiff to move to set it aside. [Citations.] The reason for this rule is apparent. If a plaintiff by his deliberate and voluntary act secures the dismissal of his suit he must be held to have anticipated the effect and necessary results of this

action and should not be restored to the position and the rights which he voluntarily abandoned. Having taken a non-suit, his only recourse is to begin his action anew." *Weisguth*, 272 Ill. at 543, 112 N.E. at 351.

It is interesting to note that the above, often-quoted language in *Weisguth*, is *dicta*, since the defendant was held to have forfeited his right to complain, because he appeared in the subsequent reinstated case without objecting. If the supreme court had intended by its *dicta* that the trial court did not have jurisdiction, then any order entered by the trial court would have been void and subject to attack at anytime. Further, since the plaintiff took a nonsuit, the court indicated that the plaintiff could have begun his original action anew, which is now covered by section 2–1009. Ill. Rev. Stat. 1989, ch. 110, par. 2–1009.

In the present case, however, plaintiffs could not begin their original action anew, because it was dismissed with prejudice and, supposedly, superseded by the settlement agreement. Plaintiffs may not even be able to sue defendants for breach of the settlement, if defendants had not authorized their insurance company's adjuster to enter into a binding contract on their behalf. See *Hopkins v. Holt* (1990), 194 Ill. App. 3d 788, 551 N.E.2d 400 (where the plaintiff unsuccessfully requested a declaratory judgment against the defendant for breach of the settlement contract and the court held that the defendant was not bound by the agreement of his lawyer of record hired by his insurance company).

The *dicta* of *Weisguth* was followed by the supreme court in *Bettenhausen v. Guenther* (1944), 388 Ill. 487, 58 N.E.2d 550, where petitioners in a suit to establish a drainage district requested a nonsuit after several petitioners withdrew their names from the petition leaving fewer petitioners than required by law to establish a district. The supreme court held that the parties were out of court, but the court did show some uncertainty by saying:

"No motion was made at that time and no leave was either asked or granted to file a motion to set aside the order of dismissal. *** The motion filed on February 7, 1944, was made by petitioners, *not to set aside the order of dismissal*, but 'that leave be granted for the withdrawal of the oral motion or motions' made in the cause on January 28, 1944. The cause having been voluntarily dismissed on January 28, on motion of petitioners, obviously, the court was without jurisdiction on February 7 to entertain the motion for leave to withdraw the motion

to dismiss." (Emphasis added.) (*Bettenhausen*, 388 Ill. at 490, 58 N.E.2d at 552.)

It would appear that the supreme court did not entirely preclude a motion to set aside the order of dismissal. More importantly the supreme court did not mention any statutory right to seek relief from judgments in nonjury cases.

In *Village of Arlington Heights v. American National Bank & Trust Co.* (1979), 72 Ill. App. 3d 744, 391 N.E.2d 108, the city sued to compel demolition of buildings. A mechanic's lienholder was made a defendant, and the city voluntarily dismissed with prejudice against the lienholder. A trial was held, and a receiver was appointed to complete the construction of the partially completed buildings. The receiver then moved to rejoin the mechanic's lienholder. The appellate court applied the *Weisguth* dicta but cited its own contradictory ruling in *Nashlund v. Sabade* (1976), 39 Ill. App. 3d 139, 350 N.E.2d 90, which held that the trial court had jurisdiction under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72) (now Ill. Rev. Stat. 1991, ch. 110, par. 2—1401) to vacate a voluntary dismissal order, when the trial court found that dismissal was not a voluntary nonsuit but an agreed-upon dismissal. (*Nashlund*, 39 Ill. App. 3d at 145, 350 N.E.2d at 95.) The *Arlington Heights* court further stated that, "[i]t [the *Weisguth* dicta] has not been abrogated by any provision of the Civil Practice Act including section 11—31—2 [of the Illinois Municipal Code] (Ill. Rev. Stat. 1977, ch. 24, par. 11—31—2) upon which the trial court relied in rejoining defendant Paschen to the lawsuit." (*Village of Arlington Heights*, 72 Ill. App. 3d at 746, 391 N.E.2d at 110.) Apparently the court overlooked sections 68.3 and 72 (Ill. Rev. Stat. 1979, ch. 110, pars. 68.3, 72) (the predecessors to sections 2—1203 and 2—1401).

Finally, defendants cite *Howard v. Francis* (1990), 204 Ill. App. 3d 722, 562 N.E.2d 599, *appeal denied* (1991), 137 Ill. 2d 665, 571 N.E.2d 148, *vacated* (1991), 139 Ill. 2d 596, 582 N.E.2d 685, *appeal denied* (1991), 142 Ill. 2d 654, 584 N.E.2d 129, as more recent authority upholding *Weisguth*. This case involved a plaintiff's counsel who apparently could not get ready for trial 11 times, so he finally took a nonsuit. Plaintiff then refiled, and after being unready to go to trial on five more settings, he took another nonsuit over the defendants' objections. Plaintiff then moved to vacate the second voluntary dismissal and additionally filed a third action. The court cited *Weisguth* in a short paragraph as one of the reasons for ruling that the trial court did not have the power to vacate its *second* order of dismissal. The court, however, specifically pointed out that the dismissal was

over the defendants' objection. (*Howard,* 204 Ill. App. 3d at 724, 562 N.E.2d at 600.) Further, the court did not mention or discuss section 2—1203.

Some courts began to circumvent the severity of the strict application of the *Weisguth dicta* in the 1970's. *Nashlund v. Sabade* (1976), 39 Ill. App. 3d 139, 350 N.E.2d 90, has already been mentioned. When the issue arose before this court in *Weilmuenster v. H.H. Hall Construction Co.* (1979), 72 Ill. App. 3d 101, 390 N.E.2d 579, the "jurisdictional" question was considered at length. In *Weilmuenster,* defendants brought a third-party complaint against Illinois Ben Hur Construction Company, which then filed a motion to sever. Plaintiff objected and the motion was denied. Defendants' oral motion to dismiss their third-party complaint without prejudice was granted. The motion and order were later reduced to writing, and the order was signed by the third-party plaintiff and defendant "by agreement." A trial was held and a verdict rendered against defendants. Within 30 days after the dismissal of the third-party complaint, defendant filed a motion to reinstate and to set aside the order of dismissal. The trial court ruled that it had jurisdiction even though there was no request for leave to move to set aside the dismissal and reinstate the third-party complaint. The trial court also did not require the third-party plaintiffs to file a new cause. We affirmed the trial court.

This court stated in *Weilmuenster*:

"In passing, we question those cases which hold under *Weisguth* that a court is deprived of 'jurisdiction' to reinstate a voluntary dismissal filed within 30 days where plaintiff did not obtain leave of court to reinstate. The rationale expressed in *Weisguth* was that one should not be restored to the position and rights he voluntarily abandoned. One court has stated an individual is therefore 'equitably estopped' from reinstating a cause. (*Miller v. Bloomberg,* 60 Ill. App. 3d 362, 376 N.E.2d 748 (1978).) In light of the 1970 Constitution, Supreme Court Rules and statutes, perhaps waiver, estoppel or terms of similar import may be the proper nomenclature to describe a case rule which prohibits one from being restored to a position he has abandoned." (*Weilmuenster,* 72 Ill. App. 3d at 107, 390 N.E.2d at 583.)

This court also stated that "[w]e view this agreed-upon dismissal inapposite to *Weisguth*" (*Weilmuenster,* 72 Ill. App. 3d at 105, 390 N.E.2d at 582). Contrary to the facts in *Weilmuenster* and the present case, in *Weisguth, Bettenhausen,* and *Howard,* the plaintiff took a nonsuit either without the consent of the defendant or over defendant's objection.

This court next considered the "jurisdictional" question in *Douglas v. Walter* (1986), 147 Ill. App. 3d 1070, 498 N.E.2d 913. In *Douglas*, plaintiff filed motions with proposed orders to voluntarily dismiss his cases *with prejudice*. The court granted the motions. Plaintiff, within 30 days of the orders of dismissal, filed motions to modify the orders of voluntary dismissal to show that the dismissals should have been *without prejudice*, but because of clerical error, the dismissals had been made *with prejudice*. The trial court denied the motions, stating that it was "without power to grant plaintiff's motions." This court reversed the trial court and said:

> "Accordingly, we conclude that the trial court erred in holding under *Weisguth* that it lacked the power to modify its original orders of voluntary dismissal on plaintiff's motions to specify that the dismissals were without prejudice." *Douglas*, 147 Ill. App. 3d at 1074, 498 N.E.2d at 916.

We pointed out in *Douglas* that if the motion to modify were granted, then the underlying case was still dismissed and that the plaintiff would have to file anew. This court, however, as part of its rationale stated:

> "A voluntary dismissal with prejudice is tantamount to an adjudication on the merits. (*Village of Arlington Heights v. American National Bank & Trust Co.* (1979), 72 Ill. App. 3d 744, 746, 391 N.E.2d 108, 110.) A plaintiff who takes such a dismissal is therefore forever barred from refiling his cause. If the *Weisguth* rule were applied under these circumstances, a plaintiff would have no redress even where, because of fraud by the defendant, excusable neglect, or for other reasons discovered by plaintiff at the time of dismissal order but not apparent on the record and unknown to the court, allowing the dismissal to stand would be fundamentally unfair." *Douglas*, 147 Ill. App. 3d at 1073-74, 498 N.E.2d at 916.

More recently, the courts have been concerned with agreed-upon dismissals pursuant to settlements. In *Brigando v. Republic Steel Corp.* (1989), 180 Ill. App. 3d 1016, 536 N.E.2d 778, which involved a defendant taking bankruptcy after settlement, the court held that 30 days *after* an order of dismissal pursuant to a settlement agreement was filed, the trial court lost jurisdiction to amend, modify, rehear, retry, vacate, or grant other relief of a similar nature from the final judgment. The court, however, indicated that there would not have been a problem in vacating the order of dismissal within 30 days after rendition of a judgment, or even after 30 days if the requirements of section 2—1401 were met, except that plaintiff took a contradictory

position by moving to "enforce" the settlement agreement along with seeking reinstatement of his suit. The court even went so far as to specifically note that plaintiff did not pursue the denial of his motion to vacate the order of dismissal on appeal.

The same appellate court as in *Brigando* recently reaffirmed its position on accepting jurisdiction in dismissals with a settlement or agreed-upon dismissals in *Hopkins v. Holt* (1990), 194 Ill. App. 3d 788, 551 N.E.2d 400. (See also *Lofendo v. Ozog* (1983), 118 Ill. App. 3d 237, 454 N.E.2d 806; *Johnson v. United National Industries, Inc.* (1984), 126 Ill. App. 3d 181, 466 N.E.2d 1177; *Kalalinick v. Knoll* (1981), 97 Ill. App. 3d 660, 422 N.E.2d 1011.) The plaintiff in *Hopkins* dismissed his medical malpractice claim against his doctor after settling with the doctor's insurance attorney. The insurance company then took bankruptcy, and the plaintiff lost his declaratory-motion suit to make the doctor pay under the settlement agreement, because the doctor had not agreed to the settlement. The court held that the plaintiff could obtain relief under section 2—1401, by vacating a dismissal, if a settlement agreement was materially breached by nonpayment of the consideration. The court never mentioned *Weisguth* or its own holding in *Village of Arlington Heights v. American National Bank & Trust Co.* (1979), 72 Ill. App. 3d 744, 391 N.E.2d 108.

Many persons could be misled into believing, as counsel in this case did, that plaintiffs could bring suits against the defendants for breach of contract, if defendants renege on settlement agreements. In *City of Des Plaines v. Scientific Machinery Movers, Inc.* (1972), 9 Ill. App. 3d 438, 292 N.E.2d 154, the court pointed out that it is "the established rule of law that an attorney employed to defend a suit has no authority to compromise, to give up any right of his client, or to consent to judgment against his client without the express consent or authorization of that client." (*Des Plaines*, 9 Ill. App. 3d at 444, 292 N.E.2d at 158.) Not only will a plaintiff lose his right to sue a defendant, but a plaintiff might even lose the right to sue a defendant's insurance company if the plaintiff cannot show that the defense lawyer or insurance adjuster had express authorization or consent from the insurance company to settle. The *dicta* of *Weisguth* creates an ambush for the unwary plaintiff.

It is the policy of the courts to encourage parties to settle their disputes. We must be extremely careful not to create a major obstacle to this policy that will make plaintiffs unwilling to dismiss their cause pursuant to a settlement agreement lest they be left without a remedy or the remedy provided by law is inadequate, too costly, or too risky, if the settlement collapses. The plaintiff normally settles for

less than he is asking because he obtains, or so he believes, an assured amount or result. If we ignore the Civil Practice Law and apply the harsh *dicta* of *Weisguth*, there will continue to be an element of uncertainty for plaintiffs in every settlement that requires a dismissal of the underlying suit. Application of section 2—1203 removes that uncertainty.

If the parties have reached a settlement and the suit is dismissed pursuant to the agreement, it would appear to be a better policy for the parties to return to the same court in order to work out any disagreement over the settlement. Most misunderstandings would be resolved. If we force the parties to file a new suit over the settlement agreement, then we will be causing the parties to hire new attorneys (the original attorneys having become witnesses to the alleged contract) and incur additional expenses of discovery, and we will probably be generating more suits for malpractice. Further, we will be forcing the plaintiff to forgo a valuable contract remedy of rescission and return to the status quo, if the defendant has materially breached the agreement. See *Haisma v. Edgar* (1991), 218 Ill. App. 3d 78, 578 N.E.2d 163.

The words or phrases, "with prejudice" and "without prejudice," along with the *Weisguth* rule, are relics of the past and are superceded by sections 2—1009, 2—1203, 2—1401 and 13—217, which specifically cover dismissals and final orders. (See *Kalalinick v. Knoll* (1981), 97 Ill. App. 3d 660, 422 N.E.2d 1011, (where the court held that Supreme Court Rule 304(a) overturns the *Weisguth* rule to the extent that that rule has been applied to cases involving multiple issues or parties).) The Civil Practice Law, not the common law, is intended to regulate these matters. There is no reason to continue common law technical exceptions to these statutes based upon the *dicta* of a 76-year-old case. To do so may be fundamentally unfair to a party, discourage settlements of lawsuits, and promote further lawsuits.

We hold, therefore, that the trial court does have jurisdiction over the motion to reinstate and to vacate the order of dismissal. We are not passing any judgment on the merits of plaintiffs' motion to reinstate.

Reversed and remanded.

H. LEWIS and SHONKWILER, JJ., concur.