DEBRA K. JOHNSON, Plaintiff-Appellee, v. RONALD E. SUMNER, Defendant-Appellant.

Third District   No. 3—87—0618

Opinion filed July 19, 1988.

STOUDER, P.J., specially concurring.

Richard E. Quinn, of McConnell, Kennedy, Quinn & Johnston, of Peoria, for appellants.

Jack C. Vieley, of Peoria, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

We granted the defendant, Dr. Ronald Sumner, leave to appeal pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308), from the trial court's order allowing the plaintiff, Debra Johnson, to reinstate her complaint. The trial court certified the following question for appeal: "May the court reinstate the count of a complaint against a defendant that has been voluntarily dismissed for the second time without leave to reinstate in the future, where the plaintiff moves within 30 days of the voluntary dismissal to modify or vacate it, and the only other count in the complaint is pending on appeal by plaintiff of the granting of summary judgment for the codefendant?"

The following facts are pertinent to this appeal. The plaintiff filed her fourth amended six-count medical malpractice complaint against the defendant, Dr. William Hart, Dr. Lorris Bowers and Methodist Medical Center of Illinois (Methodist) in August of 1986. On August 27, 1987, the court dismissed without prejudice counts I through V against the defendant, Dr. Hart and Dr. Bowers. The next day the plaintiff asked the court to reinstate counts I and II against the defendant. The defendant filed a special and limited appearance contesting jurisdiction because the summary judgment of count VI against Methodist was on appeal and also no leave had been granted to reinstate counts I through V. The plaintiff's response suggested that the court retained jurisdiction to vacate its dismissal for 30 days.

The court vacated the dismissal and reinstated counts I and II with reliance on Supreme Court Rule 304(a), which allows appeals from final judgments as to fewer than all parties or claims. (107 Ill. 2d R. 304(a).) The court also based its ruling on *Kalalinick v. Knoll* (1981), 97 Ill. App. 3d 660, 422 N.E.2d 1011. Therein the appellate court al-

lowed reinstatement of an involuntarily dismissed complaint. The *Kalalinick* court noted that claims were pending against other parties in the same action and suggested that Rule 304(a) allowed the trial court to vacate any judgment or order involving multiple issues or parties.

The instant trial court also relied on *Campbell v. Joslyn Manufacturing & Supply Co.* (1965), 65 Ill. App. 2d 344, 212 N.E.2d 512, a case involving the propriety of dismissing a third-party complaint during the pendency of the principal case involving multiple parties. We find both cases distinguishable from this cause and note the following.

■■ Before trial, a plaintiff may dismiss all or part of his action as to any defendant, without prejudice. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009.) That right to voluntary dismissal is absolute. (*Metcalfe v. St. Elizabeth's Hospital* (1987), 160 Ill. App. 3d 47, 513 N.E.2d 12.) At issue here is whether a court may reinstate the complaint if the plaintiff was not granted leave to reinstate.

■■ The defendant suggests that we look to our discussion of the issue in *Herman v. Swisher* (1983), 115 Ill. App. 3d 179, 450 N.E.2d 28. Therein, we held that a trial court has no power to vacate a voluntary dismissal and reinstate a cause unless leave to set aside the dismissal had been requested or granted. A plaintiff's only other recourse is to begin the action anew. The facts of that case similarly involved a summary judgment on a count other than the one at issue and a plaintiff's motion to reinstate within 30 days of dismissal.

The plaintiff, on the other hand, supports her proposition that the court had 30 days to reconsider its order with *Weilmuenster v. H. H. Hall Construction Co.* (1979), 72 Ill. App. 3d 101, 390 N.E.2d 579. That court upheld the trial court's post-trial reinstatement of an agreed voluntary dismissal of a third-party complaint.

■■ We acknowledge that within 30 days of judgment, a party may petition for modification or vacatur. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203(a).) This plaintiff, however, had no final judgment or order. Her complaint had been dismissed without prejudice and without leave to reinstate. Thus, based on *Herman*, we find that the court lacked jurisdiction to reinstate counts I and II against the defendant. We, therefore, vacate the trial court's order of May 12, 1987.

Order vacated.

BARRY, J., concurs.

PRESIDING JUSTICE STOUDER, specially concurring:
I concur with the result reached by the majority of the court since

I believe the result is required by *Bettenhausen v. Guenther* (1944), 388 Ill. 487, 58 N.E.2d 550.

However I believe the persuasive and controlling authority of the *Bettenhausen* case is diminished because of several weaknesses in the opinion. If the reasoning and result in the *Bettenhausen* case are reexamined by our supreme court a contrary result might well be expected. This subject was explored by way of *dicta* in *Weisguth v. Supreme Tribe of Ben Hur* (1916), 272 Ill. 541, 112 N.E. 350 (after discussing the issue at length the appeal was dismissed for lack of an appealable order).

I would note the following concerns with the opinion in the *Bettenhausen* case.

1. *Bettenhausen* relies substantially on *Weisguth*. This latter case would not have justified the application of the voluntary dismissal rule either now or at the time of the *Bettenhausen* case. In *Weisguth* the voluntary dismissal was sought and granted after the plaintiff had presented all of his evidence in order to avoid a directed verdict. A voluntary dismissal under such circumstances would ordinarily not be available under our present practice since the statute generally requires the dismissal be sought and obtained before trial.

2. It should also be noted that both in *Weisguth* and *Bettenhausen* the opinions speak in terms of losing jurisdiction and in this connection they refer to jurisdiction over the person. No reason is suggested in either opinion and indeed the issue is not discussed why jurisdiction over the person after the dismissal of a cause of action should depend on whether the dismissal was voluntary or involuntary.

3. Neither *Bettenhausen* nor *Weisguth* discusses the right of a trial court to deal with its judgments for a period of 30 days after their rendition in any manner required by fairness and justice. This authority is unqualified in any jurisdictional sense but as in other cases would require a showing of good cause for vacating a dismissal order whether voluntary or involuntary. Any prejudice to the defendant could also be considered by the trial court.

If this issue were being newly considered today I would favor approving the trial court's action and hold the trial court had authority to vacate its judgment dismissing the cause of action where vacation was applied for within 30 days of the judgment.