ROSS RYAN, a Minor, by his Father and Next Friend, Patrick Ryan, Plaintiff-Appellant, v. SCHOOL DISTRICT No. 47 *et al.*, Defendants-Appellees.

Second District   No. 2—94—0030

Opinion filed September 30, 1994.

John C. Lorenzen, of John C. Lorenzen, Ltd., of Oak Brook, for appellant.

Wayne F. Plaza, Karen Wilson Howard, and Jose A. Isasi II, all of Rooks, Pitts & Poust, of Chicago, for appellee School District No. 47.

John W. France, of Williams & McCarthy, P.C., of Rockford, for appellee Kay-Jay Construction, Inc.

JUSTICE PECCARELLI delivered the opinion of the court:

On February 15, 1991, plaintiff, Ross Ryan, a minor, filed a complaint against defendant School District No. 47 (school district) for injuries allegedly sustained on May 27, 1989, by plaintiff at a playground maintained by the school district. Plaintiff appeals the order of the circuit court of McHenry County dismissing with prejudice his third amended complaint. We reverse and remand.

On May 27, 1989, plaintiff was playing on the monkey bars located on the playground at West Elementary School in Crystal Lake, Illinois. He fell from the monkey bars, landed on a large embedded rock in the ground surface of the playground, and was injured. Plaintiff filed a two-count complaint against the school district alleging negligence and wilful and wanton conduct in constructing and maintaining the playground equipment in an unsafe manner.

On November 6, 1991, plaintiff filed his first amended complaint. On October 19, 1992, plaintiff sought and obtained leave of court to file a second amended complaint adding Kay-Jay Construction, Inc., the installer of the playground equipment, as an additional defendant. On the same date, the school district was voluntarily dismissed as a defendant without prejudice and without costs. On October 14, 1993, plaintiff sought and obtained leave of court to file his third amended complaint adding the school district as a defendant. On October 21, 1993, plaintiff served the school district with the third amended complaint and summons.

The school district then filed a special and limited appearance and a motion to dismiss pursuant to section 13—217 of the Code of Civil Procedure (Code) (735 ILCS 5/13—217 (West 1992)). The motion alleged that plaintiff failed to follow the proper procedure in reinstating the school district as a defendant. On December 10, 1993, the trial court heard oral arguments on the school district's motion to dismiss. In an order entered that same date, the trial court dismissed with prejudice plaintiff's complaint against the school district and found that there was no just cause to delay the enforcement or appeal of the order pursuant to Supreme Court Rule 304(a) (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 304(a), eff. February 1, 1994). Plaintiff filed a timely notice of appeal.

On appeal, plaintiff argues that the trial court erred in dismissing

his third amended complaint adding the school district as a defendant where, although the school district previously had been voluntarily dismissed, it would have been inefficient to file a separate action and then move for consolidation since the action had continued with another party remaining as a defendant. Defendant argues that the trial court did not err since plaintiff did not follow the proper procedure for renaming the school district as a party defendant pursuant to section 13—217 of the Code (735 ILCS 5/13—217 (West 1992)).

■ Section 13—217 of the Code provides in relevant part:

"In the actions specified in Article XIII of this Act or any other act \*\*\* if \*\*\* the action is voluntarily dismissed by the plaintiff, \*\*\* the plaintiff \*\*\* may commence a new action within one year or within the remaining period of limitation, whichever is greater, \*\*\* after the action is voluntarily dismissed \*\*\*." 735 ILCS 5/13— 217 (West 1992).

Defendant argues that section 13—217 of the Code required plaintiff to file a new action within one year of the voluntary dismissal in order to preserve his claim against defendant and that merely filing an amended complaint and serving summons was not an adequate method under the Code. Defendant cites *Miller v. Bloomberg* (1978), 60 Ill. App. 3d 362, and *Mozer v. Kerth* (1992), 224 Ill. App. 3d 525, for this proposition.

In *Miller*, a suit for specific performance of an option to purchase real estate, the plaintiffs obtained a summary judgment allowing them to purchase the real estate for the "prevailing market price." (*Miller*, 60 Ill. App. 3d at 363.) On the owners' appeal, we affirmed and remanded for proof of the purchase price. Upon remand, William and Jeannette Berg, two of the plaintiffs, sought a voluntary dismissal of the suit, alleging that it had been filed without their knowledge or consent. The trial court granted the motion and dismissed the action. However, within 30 days, the court on its own motion vacated the dismissal order and reinstated the Bergs as parties-plaintiffs. (*Miller*, 60 Ill. App. 3d at 363-64.) On the same date, the Bergs filed a motion to vacate for voidness the original order granting summary judgment arguing that the suit had not been filed within the two-year statutory period. The motion was dismissed and the Bergs appealed to this court arguing that the trial court was without the authority to vacate the voluntary dismissal order and to reinstate them as parties-plaintiffs. *Miller*, 60 Ill. App. 3d at 364.

■ On appeal, we stated the general rule enunciated in *Weisguth v. Supreme Tribe of Ben Hur* (1916), 272 Ill. 541, 543, that the party who takes a voluntary nonsuit or dismissal is equitably estopped from thereafter vacating the order of dismissal or reinstating the

cause, unless he has been given leave to reinstate at the time of the dismissal, and his only recourse is to commence a new action. (*Miller*, 60 Ill. App. 3d at 364.) The rationale for the rule is expressed in *Weisguth*:

> "If a plaintiff by his deliberate and voluntary act secures the dismissal of his suit he must be held to have anticipated the effect and necessary results of this action and should not be restored to the position and the rights which he voluntarily abandoned." *Weisguth*, 272 Ill. at 543.

However, in *Miller*, we recognized that this general rule is not without exception. We stated that the rationale for the rule has no application where the court on its own motion or on the motion of the defendant vacates the dismissal order. (*Miller*, 60 Ill. App. 3d at 364.) In *Miller*, we did not address whether the rationale for the rule applies in the multiple-party situation in light of Supreme Court Rule 304(a) (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 304(a), eff. February 1, 1994).

Later, in *Kalalinick v. Knoll* (1981), 97 Ill. App. 3d 660, 664, and *Van Slambrouck v. Marshall Field & Co.* (1981), 98 Ill. App. 3d 485, 487, the court held that Supreme Court Rule 304(a) (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 304(a), eff. February 1, 1994) overturns the *Weisguth* rule to the extent that rule has been applied to cases involving multiple issues or parties. Supreme Court Rule 304(a) provides in relevant part:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal ***. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." Official Reports Advance Sheet No. 26 (December 22, 1993), R. 304(a), eff. February 1, 1994.

In such instances, under Rule 304(a) the court has jurisdiction to vacate a voluntary dismissal as to fewer than all of the parties and reinstate the complaint not only on its own motion, but even on the motion of the plaintiff. (*Kalalinick*, 97 Ill. App. 3d at 664.) The court in *Kalalinick* also cited with approval the holding in *Thompson v. Otis* (1936), 285 Ill. App. 523, 534, that in the multiple party situation bringing the previously dismissed defendant back into the case by the service of summons and by filing an amended complaint against

him was just as efficacious as filing a new independent action against him. *Kalalinick*, 97 Ill. App. 3d at 664.

■ In the present case, plaintiff filed an amended complaint and served defendant with summons within one year of the voluntary dismissal. As the courts did in *Thompson* (285 Ill. App. at 534) and in *Kalalinick* (97 Ill. App. 3d at 664), we hold that this procedure was just as efficacious as filing a new independent action against defendant.

Even if we found that this procedure was not a proper refiling, pursuant to Supreme Court Rule 304(a) (Official Reports Advance Sheet No. 26 (December 22, 1993), R. 304(a), eff. February 1, 1994), plaintiff could have moved to vacate the voluntary dismissal order at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties. (See *Kalalinick*, 97 Ill. App. 3d at 664.) When the trial court in the present case granted plaintiff's motion to amend his complaint to rename the school district as a defendant, that order in effect subrogated or vacated the order of dismissal and reinstated the school district as a defendant. Apparently, the trial court believed that it could not vacate the order of dismissal and reinstate the school district because plaintiff had not been given leave to reinstate at the time of the order of voluntary dismissal. This belief was erroneous. See *Kalalinick*, 97 Ill. App. 3d at 664.

The school district also relies on *Mozer* (224 Ill. App. 3d 525) for its argument that the trial court did not err in dismissing the school district because plaintiff did not properly rename it as a party. In *Mozer,* plaintiff voluntarily dismissed defendant but continued the action as to other defendants. (*Mozer*, 224 Ill. App. 3d at 527.) Plaintiff then served summons and filed an amended complaint renaming defendant as a party. Defendant moved to dismiss the amended complaint arguing that plaintiff was required to refile the complaint as a new action. The trial court denied defendant's motion, and defendant appealed. (*Mozer*, 224 Ill. App. 3d at 527-28.) On appeal, the court discussed *Thompson* and *Kalalinick*, and reached the same result in that it refused to dismiss defendant. (*Mozer*, 224 Ill. App. 3d at 540.) However, in *Mozer*, the court stated that it was not sanctioning the procedure followed by plaintiff and that in future cases the court may not sanction such a "hybrid procedure and confusion of labeling." (*Mozer*, 224 Ill. App. 3d at 540.) The court's opinion in *Mozer* neither clearly distinguishes *Thompson* and *Kalalinick* nor explains why it did not explicitly follow them. Moreover, the court itself observed that when the certified question is answered, the outcome of the case does not follow from the answer to the question. (*Mozer*, 224 Ill. App. 3d at 537.) Accordingly, we decline to follow the language in *Mozer* which is inconsistent with its own result.

Our opinion is also in accord with *Ripplinger v. Quigley* (1992), 231 Ill. App. 3d 1002. In *Ripplinger*, the court considered the implications of the *Weisguth* rule on section 2—1203 of the Code of Civil Procedure (735 ILCS 5/2—1203 (West 1992)), which allows a plaintiff in all cases to file a motion for a rehearing, for a retrial, for a modification of the judgment, to vacate the judgment, or for some other relief within 30 days after entry of the judgment. The court observed that the often-quoted language in *Weisguth* is actually *dicta* since defendant in that case had waived the objection. (*Ripplinger*, 231 Ill. App. 3d at 1005.) The court stated that the *Weisguth* rule is a "relic[ ] of the past" and held that it is superseded by the Code of Civil Procedure and, pursuant to *Kalalinick*, by Supreme Court Rule 304(a). *Ripplinger*, 231 Ill. App. 3d at 1010.

For the foregoing reasons, we reverse the order of the circuit court of McHenry County dismissing plaintiff's complaint against the school district and remand the cause for further proceedings consistent with the views expressed herein.

Reversed and remanded.

INGLIS, P.J., and McLAREN, J., concur.