Docket No. 96153–Agenda 5–March 2004.

JAMES E. HAWES, Appellee, v. LUHR BROTHERS, INC., Appellant.

Opinion filed June 4, 2004.

JUSTICE KILBRIDE delivered the opinion of the court: After entering a voluntary dismissal order, the circuit court of St. Clair County allowed plaintiff’s motion to reinstate his complaint for damages under the Jones Act (46 U.S.C. §688 
et seq
.). The initial order of voluntary dismissal was without prejudice, but it did not specifically reserve to plaintiff the right to reinstate. The defendant appealed (155 Ill. 2d R. 301), claiming that the trial court had no jurisdiction to allow the reinstatement. The appellate court affirmed in an unpublished opinion. No. 5–01–0952 (unpublished order under 

Supreme Court Rule 23). We granted leave to appeal. 177 Ill. 2d R. 315.

BACKGROUND

Plaintiff, a resident of Marshall County, Kentucky, was employed as a deck hand crew member of a barge operated by defendant. On July 14, 1998, he was injured while on board defendant’s vessel on a portion of the Ohio River near Livingston County, Kentucky. On June 15, 2001, plaintiff filed a complaint in the circuit court of St. Clair County, Illinois, alleging causes of action under the Jones Act and related admiralty theories. The defendant first filed an answer and jury demand and later filed, pursuant to Supreme Court Rule 187 (134 Ill. 2d R. 187), a motion to dismiss or, in the alternative, to transfer, on the ground of 
forum non conveniens.

The motion, supported by affidavit, claimed that defendant is an Illinois corporation with its principal office in Monroe County, Illinois; that the witnesses were residents of Kentucky or Illinois working in or around Livingston County, Kentucky; that plaintiff received medical treatment in Calloway County, Kentucky; and that the courts of St. Clair County are more congested than those of the proposed alternative forum, Pope County, Illinois. The motion was set for hearing on October 23, 2001. Plaintiff, in turn, filed a written motion for voluntary dismissal without prejudice. The motion was served on defendant’s counsel and granted 
ex parte
 on October 23, 2001. The order made no reference to the pending 
forum non conveniens
 motion and did not reserve to plaintiff the right to reinstate the case.

On November 6, 2001, plaintiff filed a Jones Act complaint in the United States District Court for the Southern District of Illinois. Defendant moved to dismiss the action on the ground that it had not been commenced within three years of the accident as required by the Jones Act.

On November 19, 2001, while the case was still pending in federal court, plaintiff filed a motion in this case to vacate the order of dismissal. The motion was granted, despite defense counsel’s oral motion to dismiss for lack of jurisdiction. Defense counsel’s dismissal motion was pursuant to section 2–301 of the Code of Civil Procedure (Code) (735 ILCS 5/2–301 (West 2000)), governing objections to jurisdiction over the person. At the hearing on the motion to vacate, plaintiff’s counsel stated that he telephoned defendant’s counsel prior to the hearing on the Rule 187 motion and told him he would concede the 
forum non conveniens
 issue. Defendant’s counsel disputed that account of the conversation. He contended that plaintiff’s counsel said that he was either going to move for voluntary dismissal or concede to avoid the delay of an appeal if the forum motion was denied, and that defense counsel replied that “it’s up to you.” The trial court found the forum motion was conceded and that the order allowing the voluntary dismissal did not state what was actually done. The trial court noted that the only motion pending at the time of the voluntary nonsuit was the forum motion and that there was no other reason to nonsuit the case. This finding appears in the transcript of the hearing but is not reflected in the order. The order, entered on November 21, 2001, recited:

“This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter; The Court finds: Both parties present through counsel. Arguments heard on plaintiff’s motion to vacate filed pursuant to 735 ILCS 5/2–1203. Motion is hereby granted. Cause to be reset for status on 1-30-02 at 9:00 a.m. in Ct. Rm 404.”

On December 11, 2001, the defendant filed, pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301), a notice of appeal from this order. Plaintiff then filed a motion for sanctions pursuant to Supreme Court Rule 137 (155 Ill. 2d R. 137), asserting that the appeal was frivolous and filed intentionally for the purpose of delay because the order being appealed was not even final. The sanctions motion was set for hearing on January 7, 2002, with defendant’s pending 
forum non conveniens 
motion. The trial court found that it had jurisdiction, denied the motion for sanctions, and denied the 
forum non conveniens 
motion, finding that defendant had refused to waive the statute of limitations defense as a condition of the dismissal order.

Fearing that the first notice of appeal may have been premature, defendant subsequently filed a second notice of appeal. Defendant also filed, pursuant to Supreme Court Rule 306 (166 Ill. 2d R. 306), a petition for leave to appeal in the appellate court from the order denying the
 forum non conveniens 
motion. That motion was granted, and the appeals were consolidated for hearing.

The appellate court affirmed the vacation of the voluntary dismissal order, but remanded the cause to the trial court for further proceedings on the forum motion. The appeal before us involves only the order vacating the voluntary dismissal order.

ANALYSIS

The primary issue before us is whether a plaintiff may move to vacate a voluntary dismissal order when the trial court did not specifically reserve to plaintiff any right to reinstate. Defendant asserts that under the rule in 
Weisguth v. Supreme Tribe of Ben Hur
, 272 Ill. 541, 543 (1916), a plaintiff must reserve the right to move for reinstatement following a voluntary dismissal. Plaintiff contends, however, the 
Weisguth 
was subsequently preempted by the enactment of section 2–1203 of the Code (735 ILCS 5/2–1203 (West 2000)). This issue presents a question of law subject to 
de novo
 review. See 
Cameron v. Owens-Corning Fiberglas Corp.
, 296 Ill. App. 3d 978, 983 (1998). To make this determination, we must examine the interaction between this court’s prior case law and the subsequent enactment of section 2–1203 of the Code.

A. The 
Weisguth 
Rule and Its Progeny

The defendant’s argument hinges on a statement by this court in 
Weisguth
. In that case, plaintiff voluntarily dismissed her action at the close of her case in chief to prevent a directed verdict in favor of the defendant. Upon her motion, the case was reinstated and tried a second time, with a verdict in her favor. A new trial was then granted, and the case was tried a third time. Again, plaintiff prevailed, and a judgment was entered in her favor. The appellate court affirmed, and this court reviewed the record by writ of 
certiorari.

The first ground urged for reversal before this court was that the trial court erred in setting aside the order of dismissal entered upon the motion for voluntary nonsuit and in reinstating the cause. We observed:

“In case of a voluntary non-suit upon motion of a plaintiff the court has no power to set aside the order of dismissal and re-instate the cause unless at the time the non-suit is taken leave is given the plaintiff to move to set it aside. [Citation.] The reason for this rule is apparent. If a plaintiff by his deliberate and voluntary act secures the dismissal of his suit he must be held to have anticipated the effect and necessary results of this action and should not be restored to the position and the rights which he voluntarily abandoned. Having taken a non-suit, his only recourse is to begin his action anew.”  
Weisguth
, 272 Ill. at 543.

Despite this cautionary pronouncement, the court held that defendant had forfeited the right to complain of the court’s reinstatement of the complaint. The court stated:

“After the cause was re-instated [the defendant] appeared in two trials in the city court and contested the case on the merits. By doing so it conferred upon the court the power to proceed and waived its right to object to the re-instatement of the cause. (
Herrington
 v. 
McCollum
, 73 Ill. 476; 
Grand Pacific Hotel Co. 
v. 
Pinkerton
, 217 id. 61.) As we said in
 Herrington 
v. 
McCollum
, 
supra
: ‘The court unquestionably had jurisdiction of the subject matter of litigation, and it has never been questioned that parties may so far control jurisdiction over their own persons, in such a case, as to confer upon the court the right to proceed by voluntarily entering an appearance. The defendants, to avail of the right to question the jurisdiction of the court when the case was re-instated, should either have not appeared at all or limited their appearance to the objection against the jurisdiction of the court.’ ” 
Weisguth
, 272 Ill. at 543.

After a review of the evidence, the court affirmed the judgment in favor of the plaintiff. 
Weisguth
, 272 Ill. at 551.

 Thus, it is clear that the decision of the 
Weisguth
 court did not rely on its jurisdictional statement. Hence, its pronouncement on the power of the court to set aside a voluntary nonsuit was not necessary to the disposition of the case and is 
dicta
. Since the issue was briefed and argued by the parties, the court’s pronouncement is judicial 
dicta
, rather than mere 
obiter dicta
. 
People v. Williams
, 204 Ill. 2d 191, 206 (2003) (explaining that both 
obiter dicta
 and judicial 
dicta
 are unnecessary comments but differentiating judicial 
dicta
 because it involves a question that was briefed and argued by the parties, while 
obiter dicta
 does not). Judicial 
dicta 
have the force of a determination by a reviewing court and should receive dispositive weight in an inferior court. 
Williams
, 204 Ill. 2d at 206. Thus, the quoted principle from 
Weisguth
 has been cited as controlling by this court and in a number of appellate court opinions.

 In 
Bettenhausen v. Guenther
, 388 Ill. 487 (1944), the court, after restating the 
Weisguth dicta
, reversed a trial court order allowing petitioners leave to withdraw their oral motions to dismiss their petition after the court had already granted the motions. That ruling was assigned as error on appeal. The court held that because the action had been voluntarily dismissed, the jurisdiction of the court ended with that order of dismissal and the court was wholly without power to enter the order appealed. The court further explained that defendants appeared specially both before and after the order of dismissal and thus did not waive jurisdiction of the person. 
Bettenhausen
, 388 Ill. at 491.

The First, Second, Third, and Fifth Districts of our appellate court have all acknowledged the 
Weisguth 
rule, but have taken varying approaches to its application.  In the First District, the appellate court has uncritically applied the rule.  In 
Mayian v. Yellow Cab Co.
, 63 Ill. App. 2d 449, 451 (1965), and in 
Nashlund v. Sabade
, 39 Ill. App. 3d 139, 144 (1976), the reviewing court, relying on 
Weisguth
, held that the trial court had no jurisdiction to set aside a voluntary nonsuit. In 
People ex rel. Scott v. Police Hall of Fame, Inc.
, 60 Ill. App. 3d 331, 349 (1978), the court held that, in light of 
Weisguth
, the trial court incorrectly ordered reinstatement, although it did not phrase its holding in jurisdictional terms. Most recently, in 
Noakes v. National R.R. Passenger Corp
., 312 Ill. App. 3d 965, 971 (2000), the First District held that the trial court correctly applied 
Weisguth
 in denying the reinstatement of a cause after voluntary dismissal where defendant made a timely objection to the motion to vacate the dismissal.

In the Second District, the appellate court acknowledged the 
Weisguth 
rule in 
Miller v. Bloomberg
, 60 Ill. App. 3d 362, 364 (
1978), but characterized it in terms of equitable estoppel. The 
Miller
 court held that even though the party taking a voluntary nonsuit is equitably estopped from vacating the order or reinstating the cause, the trial court has the inherent power to reinstate the cause on its own motion in order to bring necessary parties into the suit. 
Miller
, 60 Ill. App. 3d at 364-65. However, in
 Ryan v. School District No. 47
, 267 Ill. App. 3d 137 (1994), the court declined to apply the 
Weisguth
 rule to prevent reinstatement of a case against the school district after a voluntary dismissal because the cause remained pending against another defendant. The 
Ryan
 court held that, pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)), the trial court had jurisdiction to vacate a voluntary dismissal as to fewer than all of the parties and reinstate the complaint on motion of the plaintiff. 
Ryan
, 267 Ill. App. 3d at 140. The court further cited with approval the holding of the Fifth District in 
Ripplinger v. Quigley
, 231 Ill. App. 3d 1002, 1010 (1992), stating that the 
Weisguth 
rule is a “relic[ ] of the past” superseded by the Code of Civil Procedure and by Supreme Court Rule 304(a). 
Ryan
, 267 Ill. App. 3d at 142.

In the Third District, the appellate court has consistently applied the 
Weisguth 
rule. In 
Herman v. Swisher
, 115 Ill. App. 3d 179, 182 (1983), the reviewing court affirmed the trial court’s refusal to allow reinstatement of a voluntarily dismissed complaint, relying on the 
Weisguth 
rule as restated in 
Bettenhausen. 
The opinion does not discuss jurisdiction, although the motion to reinstate was presented within 30 days of the dismissal. In 
Howard v. Francis
, 204 Ill. App. 3d 722, 724 (1990), the court, relying on 
Weisguth
, also affirmed the denial of plaintiff’s motion to reinstate following a voluntary dismissal.

In 
Johnson v. Sumner
, 172 Ill. App. 3d 70, 72 (1988), the Third District again applied the 
Weisguth 
rule to vacate the order of the trial court reinstating a case after a voluntary dismissal, holding that the trial court had lost jurisdiction. However, in a special concurrence, Presiding Justice Stouder questioned the continuing vitality of 
Weisguth 
and 
Bettenhausen. 
Justice Stouder noted that neither case discusses the right of a trial court to deal with its judgments for a period of 30 days after their rendition in any manner required by fairness and justice. Justice Stouder contended that the court’s authority is not qualified in a jurisdictional sense but, as in other cases, requires a showing of good cause.
 Johnson
, 172 Ill. App. 3d at 72-73 (Stouder, P.J., specially concurring).

In the Fifth District, the appellate court has taken a different approach to the 
Weisguth 
rule. In 
Weilmuenster v. H.H. Hall Construction Co.
, 72 Ill. App. 3d 101 (1979), the reviewing court declined to apply 
Weisguth 
to bar reinstatement of a case voluntarily dismissed by agreement of counsel. The court further held that jurisdiction is derived from article VI, section 9, of the Illinois Constitution of 1970, and that jurisdiction will generally terminate upon passage of 30 days after entry of a final order. Within that 30-day period, however, the trial court retains jurisdiction to reconsider its judgments and orders. Therefore, the court had the power to vacate a dismissal and reinstate the cause within 30 days of the entry of the dismissal order. 
Weilmuenster
, 72 Ill. App. 3d at 105-06. In 
Ripplinger v. Quigley
, 231 Ill. App. 3d 1002 (1992), the trial court, citing the 
Weisguth 
rule, denied plaintiff’s motion to reinstate a suit voluntarily dismissed with prejudice pursuant to a settlement agreement allegedly breached by the defendant. 
Ripplinger
, 231 Ill. App. 3d at 1003. The Fifth District reversed, holding that dismissals and reinstatements are governed by the Civil Practice Act and by supreme court rule. As the court observed:

“There is no reason to continue common law technical exceptions to these statutes based upon the 
dicta 
of a 76-year-old case. To do so may be fundamentally unfair to a party, discourage settlements of lawsuits, and promote further lawsuits.” 
Ripplinger
, 231 Ill. App. 3d at 1010.

Here, in its unpublished order under Supreme Court Rule 23, the appellate court reasoned that 
Weilmuenster 
and 
Ripplinger
 were dispositive and that the trial court had jurisdiction to reinstate the case pursuant to section 2–1203 of the Code of Civil Procedure (735 ILCS 5/2–1203 (West 2002)). Plaintiff argues that the Code, rather than common law principles derived from cases before its enactment, controls the power of the court to vacate judgments. Thus, we must examine the effect of the Code on the 
Weisguth 
rule.

B. Effect of the Code of Civil Procedure on the 
Weisguth
 Rule

Defendant argues that section 2–1203 of the Code is a codification of a trial court’s authority to correct its own errors, thus obviating the need for appellate review. Defendant contends that the purpose of a motion to vacate is to allow a party to call the court’s attention to its own errors and afford an opportunity for correction.  
Mills v. Ehler
, 407 Ill. 602, 611 (1950). In 
In re Marriage of Stuart
, 141 Ill. App. 3d 314, 316 (1986), the court also found the same purpose underlying posttrial motions filed under section 2–1203 of the Code, also at issue in this case. According to defendant, the trial court’s dismissal of this case did not require correction because any error would be attributable to the plaintiff and not to the court. Therefore, defendant concludes that allowing a litigant to change his mind after making an irrevocable strategic decision is not in accordance with the purpose of section 2–1203.

To determine whether plaintiff’s motion to vacate is governed by section 2–1203, we must consider the changes to our court system since 
Weisguth 
and 
Bettenhausen 
were decided in 1916 and 1944, respectively. The Civil Practice Act was not enacted until 1933. Ill. Rev. Stat. 1933, ch. 110, par. 125 
et seq
. Thus, in 1916, the common law governed pleading and practice in our trial courts. Even in 1944, no statute addressed the power of the court to grant posttrial relief in nonjury cases, although the Civil Practice Act had been enacted 11 years earlier. Thus, the 
Bettenhausen
 court’s decision still relied on the common law.

In 1955, the legislature enacted the antecedent to the present section 2–1203. Ill. Rev. Stat. 1955, ch. 110, par. 68.3. The pertinent provisions of that statute have remained unchanged under the present Code. Section 2–1203 provides:

“Motions after judgment in non-jury cases. (a) In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief.

(b) A motion filed in apt time stays enforcement of the judgment.” 735 ILCS 5/2–1203 (West 2002).

Our primary role in interpreting statutes is to ascertain and give effect to the intent of the legislature. The plain language of a statute provides the most reliable indicator of legislative intent, and we must not depart from the plain language of a statute by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent. 
Kingbrook v. Pupurs
, 202 Ill. 2d 24, 29 (2002), quoting 
Zimmerman v. Village of Skokie
, 183 Ill. 2d 30, 56 (1998), quoting 
Barnett v. Zion Park District
, 171 Ill. 2d 378, 389 (1996). Statutory construction presents a question of law, and our review is 
de novo.
 
Midstate Siding & Window Co. v. Rogers
, 204 Ill. 2d 314, 319 (2003).

The plain language of section 2–1203(a) extends to any party, 
without
 
qualification
, the right to file a motion to vacate a judgment within 30 days of its entry. Therefore, we must determine whether the trial court’s order allowing the voluntary dismissal in this case is a judgment. If it is, plaintiff had a right to file a motion to vacate within the statutory 30 days.

This court has previously held that an order allowing a voluntary dismissal is a final judgment under Supreme Court Rule 272 (137 Ill. 2d R. 272) for purposes of appeal. 
Swisher v. Duffy
, 117 Ill. 2d 376, 379-80 (1987). There is no reason to hold otherwise for motions filed under section 2–1203(a). Moreover, section 1–108 of the Code provides that the practice at common law applies to all matters 
not already regulated
 by statute or rule of court. 735 ILCS 5/1–108 (West 2000). The clear implication is that the Code, to the extent that it regulates procedures, takes precedence over the common law. Since 
Weisguth 
and 
Bettenhausen
 were decided long before the 1955 enactment of the statutory antecedent to section 2–1203(a), those common law rule cases may not be applied to defeat the jurisdiction of the court to consider a timely filed motion for relief under that section. As we said in 
Swisher
, an order allowing voluntary dismissal under Supreme Court Rule 272 is a final judgment for purposes of appeal. 
Swisher
, 117 Ill. 2d at 379-80. Accordingly, we conclude that the trial court had jurisdiction to hear plaintiff’s motion to vacate in this case. In reaching this conclusion, we express no opinion on the issue of whether allowing the motion was an abuse of discretion.

Since the judgment vacating the order of dismissal left the case pending on the merits, it was not a final judgment, as required for appeals under Supreme Court Rule 301. Unless specifically authorized by supreme court rules, the appellate court has no jurisdiction to review judgments, orders, or decrees that are not final. 
Clemons v. Mechanical Devices Co.
, 202 Ill. 2d 344, 349 (2002). Thus, the appellate court should have dismissed the appeals taken pursuant to that rule.

As a final matter, a motion by the Illinois Trial Lawyers Association (ITLA) for leave to file an
 amicus curiae 
brief in support of plaintiff was taken with the case. Supreme Court Rule 345(b) provides that an 
amicus curiae
 brief “shall be filed on or before the due date of the initial brief of the party whose position it supports.” 155 Ill. 2d R. 345(b). Plaintiff’s brief was due and filed on December 29, 2003. ITLA’s motion was filed nearly three months later on March 22, 2004. The motion is denied as  untimely. 
Kinzer v. City of Chicago
, 128 Ill. 2d 437, 446-47 (1989).

CONCLUSION

Section 2–1203 of the Code supercedes the common law rule in 
Weisguth
, 272 Ill. 541, and 
Bettenhausen
, 388 Ill. 487, and thus governs the power of the court to vacate the voluntary dismissal order in this case. Since plaintiff’s motion to vacate was made within the 30-day period allowed by section 2–1203 of the Code, the trial court had jurisdiction to hear and decide it. However, orders allowing motions to vacate are generally not final and appealable. Here, defendant appealed under Supreme Court Rule 301. This rule requires the entry of a final order. Therefore, the appellate court erred by addressing the merits of that portion of the appeal, and we now dismiss the appeal before us.

Appeal dismissed.