2025 IL App (1st) 250425-U

No. 1-25-0425

Order filed December 16, 2025

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| BCSP 330 NORTH WABASH PROPERTY, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 CH 1378 |
| | ) | |
| 401 NSS, LLC, | ) | Honorable |
| | ) | Lynn Weaver Boyle, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE VAN TINE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We dismiss this appeal for lack of jurisdiction because the order from which defendant appeals is not a final order.

¶ 2    Defendant 401 NSS, LLC (NSS) appeals from the circuit court's denial of summary judgment. Because the circuit court's denial of summary judgment was not a final order, we lack jurisdiction over this appeal and dismiss it.

¶ 3    This case arises from a dispute regarding the rental rate for a parking garage in downtown Chicago. Plaintiff BCSP 330 North Wabash Property, LLC (BCSP) owns a hotel and office tower

at 330 North Wabash Avenue and leases from NSS a parking garage at 401 North State Street. Parking garage rent is 5.5% of the appraised value of the property on which the parking garage sits. Appraiser Patricia McGarr valued the property at $24.6 million and NSS set rent based on that valuation. In this declaratory judgment action, BCSP seeks (1) a finding that McGarr's appraisal was fundamentally mistaken because she based it on a hypothetical development of the property that the City would never approve, (2) a finding that NSS materially breached the lease by requiring BCSP to pay higher rent based on McGarr's mistaken appraisal, (3) reimbursement for the excess rent BCSP paid, and (4) attorney fees.

¶ 4 The circuit court initially granted NSS summary judgment. On appeal, this court reversed and remanded, finding that there was a genuine issue of material fact as to whether McGarr's appraisal was fundamentally mistaken. *BCSP 330 North Wabash Property, LLC v. 401 NSS, LLC*, 2024 IL App (1st) 230542-U, ¶¶ 39-40. On remand, NSS again moved for summary judgment, arguing that McGarr's appraisal was correct based on a letter from the Chicago Zoning Administrator that confirmed certain assumptions McGarr used.

¶ 5 On February 7, 2025, the circuit court denied NSS's motion for summary judgment, finding that McGarr's appraisal was fundamentally mistaken as a matter of law. The court ordered the parties to submit briefs "addressing their respective position[s] as to the next procedural steps to be taken in this action," and set a hearing for March 19, 2025.

¶ 6 On March 6, 2025, NSS filed a notice of appeal challenging the circuit court's February 7, 2025, order.

¶ 7 On March 10, 2025, the court paused briefing on the next procedural steps and set a status hearing on mediation for April 30, 2025.

¶ 8      On March 17, 2025, a foreclosure receiver, who was appointed in a separate foreclosure case that Wells Fargo Bank filed against BCSP, filed a motion to intervene in this case pursuant to section 2-408 of the Code of Civil Procedure (735 ILCS 5/2-408 (West 2024)). On March 26, 2025, the court entered and continued the receiver's motion to June 18, 2025, but allowed the receiver to participate in mediation.

¶ 9      NSS appeals pursuant to Illinois Supreme Court Rule 303(a), which governs appeals from final judgments of the circuit court. See Ill. S. Ct. R. 303(a) (eff. Jul. 1, 2017). NSS contends that the circuit court's February 7, 2025, order was a final order. BCSP maintains that it was not; therefore, we lack jurisdiction over this appeal. We agree with BCSP.

¶ 10      This court has jurisdiction only to review final orders. *Hawes v. Luhr Brothers, Inc.*, 212 Ill. 2d 93, 106 (2004) ("Unless specifically authorized by supreme court rules, the appellate court has no jurisdiction to review judgments, orders, or decrees that are not final."). "An order is final and appealable if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof." (Internal quotation marks omitted.) *In re Marriage of Gutman*, 232 Ill. 2d 145, 151 (2008). "Because the *denial* of summary judgment leaves a case still pending and undecided, it cannot be a final order." (Emphasis in original.) *Mashal v. City of Chicago*, 2012 IL 112341, ¶ 57.

¶ 11      The circuit court's February 7, 2025, order denied NSS's motion for summary judgment. Therefore, it was not a final or appealable order. See *id.* Because the record makes clear that the court and the parties contemplated further proceedings after February 7, 2025, the court's order regarding McGarr's appraisal was not a final judgment appealable as of right under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994). "Judgment is not final, nor immediately appealable,

where the court reserves an issue for further consideration or otherwise manifests an intention to retain jurisdiction for the entry of a further order." *Djikas v. Grafft*, 344 Ill. App. 3d 1, 8 (2003). The February 7, 2025, order set briefing and a status hearing to determine the next procedural steps. In addition, it appears that the parties agreed to mediation. The matter of the foreclosure receiver's intervention remains pending as well. There is no basis for concluding that the February 7, 2025, order was final or appealable.

¶ 12    NSS contends that the February 7, 2025, order was final because it resolved the only remaining issue: whether McGarr's valuation of the subject property was fundamentally mistaken. The circuit court did resolve that issue, finding that McGarr's appraisal was fundamentally mistaken. However, the court has not yet determined the legal effects of that finding. As BCSP's brief puts it, there is an "unresolved question of how the Circuit Court's finding in the S[ummary] J[udgment] Order will ultimately impact the parties' rights and obligations under the Lease." The circuit court was clearly considering the legal effects of its finding that McGarr's valuation was fundamentally mistaken and requested further input from the parties on that issue. But NSS's decision to immediately appeal deprived the circuit court of the opportunity to reach a conclusion and enter a final and appealable judgment.

¶ 13    Contrary to NSS's contention, the circuit court has not yet issued a "binding declaration of the parties' rights." Rather, the court has resolved only one of several issues that BCSP's complaint raised. The circuit court has not yet determined whether NSS materially breached the lease by setting rent based on McGarr's mistaken appraisal. In addition, the circuit court has not yet determined the damages and attorney fees, if any, to which BCSP is entitled. The circuit court has not entered judgment in BCSP's favor or against NSS. "A judgment is final if it determines the

litigation on the merits so that, if affirmed, the only thing remaining is to proceed with execution of the judgment," and that is not the case here. (Internal quotation marks omitted.) See *Djikas*, 334 Ill. App. 3d at 8.

¶ 14     NSS's reply brief claims that "[r]ather than simply deny NSS's motion, the [circuit] [c]ourt took the extra step of *granting* summary judgment for BCSP on the same arguments [the appellate] court ruled insufficient." (Emphasis in original.). We are uncertain what this means, but we are certain that the circuit court did not grant summary judgment in BCSP's favor at any point. Accordingly, we lack jurisdiction over this case and must dismiss it. See *Johnson v. Armstrong*, 2022 IL 127942, ¶¶ 19-20 (the appellate court has no jurisdiction over nonfinal orders).

¶ 15     For these reasons, we dismiss the appeal for lack of jurisdiction.

¶ 16     Dismissed.